747 P.2d 775

**Dale T. SCHRAUFNAGEL,
Plaintiff–Respondent,**

v.

**Charles D. QUINOWSKI,
Defendant–Appellant.**

**No. 16693.**

Court of Appeals of Idaho.

Dec. 14, 1987.

Allen H. Browning, Boise, for defendant-appellant.

John T. Schroeder, Boise, and Gary K. Kiyuna, (argued), Nyssa, Or., for plaintiff-respondent.

BURNETT, Judge.

We are asked to decide whether, in the peculiar circumstances of this case, a *pro se* litigant's misunderstanding of court procedure constituted excusable neglect under I.R.C.P. 60(b)(1). The district court said no. We reverse.

Dale Schraufnagel sued Charles Quinowski for money allegedly due on a promissory note. Rather than seek the advice of legal counsel, Quinowski opted to represent himself. He appeared and filed an answer generally denying the allegations in the complaint. Plaintiff Schraufnagel then moved for summary judgment and served a notice of hearing on Quinowski. The notice contained an averment by plaintiff's counsel that judgment would be taken if Quinowski failed to appear. However, before the hearing date, Quinowski received another notice. This one came from the court. It stated that "the case is hereby set for a Court trial" on a specified date. It further recited that "a Pretrial/Settlement Conference will be held in the Judge's Chambers" on another specified date. Both dates were later than the date mentioned in the notice of hearing on the plaintiff's motion for summary judgment. The court's notice also set forth detailed instructions concerning discovery, identification of witnesses, marking of exhibits and other pretrial matters. It directed all pretrial motions to be heard, and all discovery

completed, twenty-eight days before the pretrial conference.

Quinowski contends, and it appears to be undisputed, that he gave literal effect to the court's act of fixing trial and pretrial conference dates. He erroneously interpreted this act as signifying that the case would go to a pretrial conference and to trial despite the notice he had received from plaintiff's counsel regarding the motion for summary judgment. Consequently, he did not appear at the hearing on the motion. Neither did he supplement the record at that time by filing an affidavit or a more detailed answer containing specific defenses and denials to the allegations in the complaint. When the plaintiff's motion came on for hearing, the judge did not endeavor to determine why Quinowski was not present. Rather, he entered a judgment resembling a default judgment, stating that Quinowski had been duly served and had failed to appear. The instrument lacked any recital under the summary judgment rule, I.R.C.P. 56, that there were no genuine issues of material fact or that the plaintiff was entitled to judgment as a matter of law.

Promptly upon learning that a judgment had been entered against him, Quinowski moved for relief under I.R.C.P. 60(b)(1), claiming excusable neglect. He hired counsel to prepare and present the motion. His counsel also tendered an amended answer stating specific defenses. The motion for relief was denied. This appeal followed.

Rule 60(b)(1) authorizes relief for "mistake, inadvertence ... or excusable neglect." Although Quinowski characterized his failure to appear at the summary judgment hearing as excusable neglect, based upon his interpretation of seemingly conflicting notices, the district judge evaluated the case from the standpoint of "mistake." In his order denying the motion for relief, he stated that Quinowski's incorrect interpretation was a mistake of law, not of fact. He further noted that a mistake of law is not an appropriate ground for relief. This general proposition is supported by previous decisions of our Supreme Court. *See, e.g., Reeves v. Wisenor,* 102 Idaho 271, 629

P.2d 667 (1981); *Thomas v. Stevens,* 78 Idaho 266, 300 P.2d 811 (1956). The judge then added that even if Quinowski's conduct were treated as "neglect," it was not "excusable" because "by failing to seek legal counsel when he was served with papers he did not act as a reasonably prudent person."

■ Our standard of review is well established. The decision whether to grant relief under Rule 60(b)(1) is committed to the discretion of the trial court. Such decisions will not be disturbed on appeal unless discretion is abused. *Clark v. Atwood,* 112 Idaho 115, 730 P.2d 1035 (Ct.App.1986). If the trial judge makes findings of fact that are not clearly erroneous, applies the proper criteria under Rule 60(b)(1) to those facts, and reaches a decision that follows logically from application of such criteria to the facts found, then the judge will be deemed to have acted within his sound discretion. *See Avondale on Hayden, Inc. v. Hall,* 104 Idaho 321, 658 P.2d 992 (Ct.App. 1983) (applying Rule 60(b) to default judgment case). Here, we find no fault with the trial judge's factual determinations. However, we believe he applied improper criteria to those facts.

■ The judge essentially held that a *pro se* litigant's neglect is not excusable if it could have been avoided by hiring an attorney. However, that is not the proper legal test. The test is whether the litigant engaged in conduct which, although constituting neglect, was nevertheless excusable because a reasonably prudent person might have done the same thing under the circumstances. *See Gro-Mor, Inc. v. Butts,* 109 Idaho 1020, 712 P.2d 721 (Ct.App.1985) (applying reasonably prudent person standard in default judgment case). We decline to hold that it is imprudent per se to represent oneself in court. We do not recommend self-representation. It may produce unintended results and it often increases the burdens of the judicial system. But it is a right valued by many Idahoans. That right would be impermissibly abridged by precluding a distinct class of litigants— those representing themselves—from ob-

taining relief for excusable neglect under Rule 60(b)(1).

■ We turn to the judge's other ground for refusing relief—the characterization of Quinowski's conduct as a mistake of law. This Court has previously noted that there appears to be no satisfactory conceptual basis to distinguish entirely a mistake of law from excusable neglect. *Stirm v. Puckett*, 107 Idaho 1046, 695 P.2d 431 (Ct. App.1985). Indeed, where relief for a mistake has been denied because a mistake was one of law rather than fact, our Supreme Court has taken care to point out that the circumstances did not also show excusable neglect. *McKee Bros., Ltd. v. Mesa Equipment, Inc.*, 102 Idaho 202, 628 P.2d 1036 (1981) (failure to amend answer without demonstrating excusable neglect justified trial court in entering summary judgment for plaintiff); *Kingsbury v. Brown*, 60 Idaho 464, 92 P.2d 1053 (1939). In line with this reasoning, we have held that in an appropriate situation a mistake of law might also be treated as excusable neglect.

> This overlap between mistake and excusable neglect necessarily implies the existence of cases where an act or omission might be treated as a mistake of law but also could be treated as excusable neglect. In the federal courts, for example, a default judgment has been set aside where a defendant failed to answer upon the erroneous assumption that a co-defendant's answer would suffice.... Defendants have been relieved from default judgments when their written responses to complaints were sent to the plaintiffs but not to the courts.

*Stirm v. Puckett*, 107 Idaho at 1049, 695 P.2d at 434 (citations omitted).

We believe that mistake and excusable neglect also may overlap in situations where court orders or notices, taken literally, convey a meaning different from that intended. Every judge and lawyer knows that a court's notice of trial and pretrial conference settings is conditioned upon the possibility that the case might be decided on motions in the meantime. But the order in this case did not express this condition.

It flatly declared that the case would be tried on a certain date. We cannot say that a lay person would act imprudently by ascribing a literal meaning to the notice.

We are mindful of the general rule in Idaho that *pro se* litigants are normally held to the same rules as those represented by attorneys. *See, e.g., Golden Condor, Inc. v. Bell*, 112 Idaho 1086, 739 P.2d 385 (1987); *Newbold v. Arvidson*, 105 Idaho 663, 672 P.2d 231 (1983); *Crumley v. Minden*, 80 Idaho 391, 331 P.2d 275 (1958). However, this is not a case where the *pro se* litigant seeks exemption from a rule. Rather, he seeks to invoke a rule, I.R.C.P. 60(b)(1), which is available to all litigants. In applying that rule we perceive a difference between persons whose indifference leads to entry of judgment by default, *e.g., Newbold v. Arvidson, supra*, and those who take affirmative steps to plead their own case but fail because they misperceive the intent of a court document.

Our holding is consistent with Idaho's policy favoring disposition of cases on their merits. In *Orange Transportation Co. v. Taylor*, 71 Idaho 275, 280–81, 230 P.2d 689, 692–93 (1951), our Supreme Court said:

> What constitutes excusable neglect, or just how a reasonable [sic] prudent person should act under similar circumstances are comparative terms and the decisions as to when a default and a judgment may be set aside and answer permitted, may appear at times to be somewhat in conflict.... Each case must be examined in the light of the facts presented, and the circumstances surrounding the same.
>
> \*    \*    \*    \*    \*    \*
>
> In doubtful cases, the general rule is to incline toward granting relief from the default and bring about a judgment on the merits.

Even in this day of burgeoning caseloads, we have not compromised Idaho's commitment to deciding cases on the merits. "[I]n doubtful cases, relief should be granted to reach a judgment on the merits." *Avondale on Hayden, Inc. v. Hall*, 104 Idaho at 326, 658 P.2d at 997.

Quinowski acted promptly in requesting relief from the judgment. The plaintiff

made no showing on the record in the district court of any unfair prejudice he would suffer if Quinowski received his day in court. Accordingly, we conclude, on the unique facts of this case, that the district court abused its discretion in refusing to set aside the judgment.

█ It has been argued that we could uphold the judgment on the present record, including Quinowski's affidavit and amended answer. We recognize, of course, that a judgment may be upheld on a legal theory different from the one employed by the trial court. But here we are not asked merely to apply an alternative theory to a set of facts; rather, we are asked to address, for the first time on appeal, a host of factual and legal issues. Quinowski has alleged that the promissory note was intended by the parties to represent an investment in a partnership. Quinowski further asserts that the investment was evidenced by a note only because he was under duress at the time and wanted to protect his business partner during a divorce. The trial judge, when ruling on Quinowski's motion for relief, stated: "From a reading of the file and the affidavits herein, it appears that the Defendant might very well have a good defense to this action if the Judgment is set aside." Without intimating any view concerning the ultimate outcome of the case, we decline to rule on Quinowski's defenses as a matter of law in light of the present record.

The order of the district court, denying the motion for relief from judgment, is reversed. The case is remanded with direction to vacate the judgment, and to reinstate the case on the court's calendar. The court, in the exercise of sound discretion, may order Quinowski to reimburse the plaintiff for the expense of the summary judgment hearing and the preparation of the judgment. No costs or attorney fees are awarded on appeal.

WALTERS, C.J., and SWANSTROM, J., concur.