865 P.2d 1004

**WASHINGTON FEDERAL SAVINGS AND LOAN ASSOCIATION, Successor by Merger to United First Federal Savings and Loan Association, Plaintiff–Appellant,**

v.

**TRANSAMERICA PREMIER INSURANCE COMPANY, Defendant–Respondent.**

No. 20370.

Court of Appeals of Idaho.

Dec. 30, 1993.

914

Davison, Copple, Copple Copple & Ludwig, Boise, for appellant. Terry C. Copple, argued.

Brady, Lerma & Thomas, Ctd., Boise, for respondent. Rebecca A. Broadbent, argued.

WALTERS, Chief Judge.

In this case we decide whether the district court erred when it granted a motion under I.R.C.P. 60(b)(1) to set a aside a default and default judgment, when the "excusable neglect" presented as the grounds for the motion was based on a mistake of law. We hold that the district court abused its discretion by granting the motion. Therefore, we vacate the order and reinstate the default judgment. Our decision necessarily requires us to vacate a subsequent order granting summary judgment.

## Background

Transamerica Premier Insurance Company (Transamerica) issued a fire insurance policy on an Idaho mobile home in which Washington Federal Savings and Loan Association (Washington Federal) held a security interest. The policy expired at the end of one year and the insured decided not to renew the policy. A month later, the mobile home was destroyed by fire. Washington Federal submitted a written proof of loss to Transamerica and requested payment. Transamerica denied payment. Washington Federal then filed a complaint against Transamerica on May 20, 1992, to recover for the damage caused by the fire. It claimed that Transamerica had a duty to notify Washington Federal of the expiration of the policy. On May 21, 1992, Washington Federal served a summons and complaint on the Director of Insurance for the state of Idaho (Director), Transamerica's statutory registered agent under I.C. § 41–333. As required under I.C. § 41–334(2), the Director sent copies of the documents to Transamerica, which received them in its Orange County, California, office on June 1, 1992.

The order allowing default and judgment was entered against Transamerica on June 23, 1992 for $16,044.72. On June 24, 1992, Transamerica filed a notice of appearance. On June 26, 1992, it moved the court under I.R.C.P. 55(c) and 60(b)(1) to set aside the order allowing default and judgment on the grounds of inadvertency and excusable neglect. The motion was supported by the affidavit of Mr. Robert Forbes, Transamerica's senior claims manager and assistant vice president. In the affidavit, Mr. Forbes stated that Transamerica had missed the deadline for responses because he had "mistakenly believed" that he had thirty days from the date Transamerica received the notice of summons and complaint from the Director. "Therefore," Mr. Forbes stated, "I inadvertently did not forward the file to counsel in time to appear before a default and default judgment were entered."

The court granted Transamerica's motion. Thereafter, the court also granted Transamerica's motion for summary judgment on the ground that it had no duty to notify Washington Federal that the policy had expired. Washington Federal appeals the order setting aside the default and judgment and the order granting summary judgment in favor of Transamerica.

## Standard of Review

Idaho civil rule 55(c) states that the court may set aside an entry of default "for good cause shown." If a judgment by default has been entered, the court may set it aside "in accordance with Rule 60(b)." Because such a judgment has been entered in this case, we limit our discussion to I.R.C.P. 60(b). More specifically, Transamerica's motion and argument are cognizable under subsection (b)(1) of the rule.

Rule 60(b)(1) states that a court may relieve a party from a final judgment or order for "mistake, inadvertence, surprise, or excusable neglect." The decision whether to grant relief under the rule is committed to the discretion of the trial court. *Schraufnagel v. Quinowski*, 113 Idaho 753, 754, 747 P.2d 775, 776 (Ct.App.1987), *disapproved on other grounds, Golay v. Loomis*, 118 Idaho 387, 393, 797 P.2d 95, 101 (1990).

> [w]hen we review, on appeal, the trial court's application of law to the facts found, we will consider whether appropriate criteria were applied and whether the result is one that logically follows. Thus, if (a) the trial court makes findings of fact which are not clearly erroneous, (b) the court applies to those facts the proper criteria under Rule 60(b)(1) (tempered by the policy favoring relief in doubtful cases), and (c) the trial court's decision follows logically from application of such criteria to the facts found, then the court will be deemed to have acted within its discretion.

*Shelton v. Diamond International Corp.*, 108 Idaho 935, 938, 703 P.2d 699, 702 (1985); *Kovachy v. DeLeusomme*, 122 Idaho 973, 974, 842 P.2d 309, 310 (Ct.App.1992). When exercising its discretion, the court must examine whether "the litigant engaged in conduct which, although constituting neglect, was nevertheless excusable because a reasonably prudent person might have done the same thing under the circumstances."

*Schraufnagel v. Quinowski,* 113 Idaho at 754, 747 P.2d at 776. The party seeking relief from a judgment must show due diligence in the prosecution of its rights. *Kovachy v. DeLeusomme,* 122 Idaho at 974, 842 P.2d at 310. Further, the court must determine whether the party seeking to set aside the default judgment has pled facts which, if established, present a meritorious defense to the action. *Johnson v. Pioneer Title Co. of Ada County,* 104 Idaho 727, 732, 662 P.2d 1171, 1176 (Ct.App.1983). Judgments by default are not favored and the general rule in doubtful cases is to grant relief from the default in order to reach a judgment on the merits. *Id.*

### Analysis

■ Idaho Code § 41–334 clearly provides that the time for responsive pleadings is computed from the date of service upon the Director acting as the insurer's agent. Section 41–334(3) states in pertinent part:

> No proceedings shall be had against the insurer, and the insurer shall not be required to appear, plead, or answer until the expiration of thirty (30) days after the date of service upon the director.

We observe that the statute does not require a response within thirty days, but allows one. Further, the statute appears to impose a moratorium on actions against the insurer for thirty days, but results in a race to the courthouse thereafter.[1] In this case, it appears that Washington Federal won the race by obtaining its default judgment on the thirty-third day after the Director was served. Transamerica appeared a day later, and moved for relief three days after entry of the judgment.

The notice of service of summons and complaint sent by the Director to Transamerica echoed I.C. § 41–334 and defined the operative date of service by stating:

> a due and regular service of a SUMMONS and COMPLAINT, ..., was made *upon*

*you* by hand delivery on the 21st day of May, 1992, by delivering in Boise, Idaho, on the said date to the Director ... who is the duly and regularly appointed Statutory Agent.

(Emphasis added.) This notice was signed by the Director, notarized on May 26, 1992, and received by Transamerica on June 1, 1992.

At the proceeding below, both parties premised their arguments on the idea that Transamerica had thirty days in which to respond. This is also the premise engaged by the district court in deciding to order the default and judgment, and later to set them aside. The dispute below, then, centered on what date the thirty days was calculated from and whether Transamerica's error—apparently committed by Mr. Forbes—was an inexcusable mistake of law or an excusable mistake of fact. The arguments on appeal are essentially the same as those presented to the district court.

First, we examine Transamerica's mistake and whether Mr. Forbes acted as reasonably prudent person when making that mistake. We point out that after the default and judgment were entered, Transamerica filed its motion within a reasonable time as required by the rule, diligently proceeded with the case, and was able to present a meritorious response. However, we need not consider these factors until after we examine the nature of the mistake itself. *Gro–Mor, Inc. v. Butts,* 109 Idaho 1020, 1023, 712 P.2d 721, 724 (Ct.App.1985). *But see Kovachy v. DeLeusomme,* 122 Idaho at 975, 842 P.2d at 311 (implying that diligence in setting aside a default judgment—after making a mistake—is a factor to be considered when determining whether one acted in a reasonably prudent manner and should be excused from the mistake).

In its motion before the district court, Transamerica requested relief on the

---

1. In comparison, I.C. § 41–1231(2), addressing legal process against surplus line insurers, seems to express the more traditional requirement that responses be made within thirty days of service. That section states: "The insurer shall have thirty (30) days from the date of service upon the director within which to plead, answer, or other-wise defend the action." A similar expression is found in I.C. § 41–1207(3), which states: "No plaintiff or complainant shall be entitled to a judgment by default under this section until the expiration of thirty (30) days from the date of the filing of the affidavit of compliance."

grounds of inadvertency and excusable neglect. At oral argument, these concepts were combined with mistake and addressed as one general reason for relief. The court did not specify on what ground it granted the motion. Most of the court's comments at the hearing on the motion are transcribed as "inaudible," thus the transcript is not helpful. The court made no written findings regarding Transamerica's request for relief. Our decision rests on the record as it exists before us.

Mr. Forbes asserts that his inadvertence or neglect consisted of overlooking the notice of service because he mistakenly believed that he had thirty days to respond, measured from the date Transamerica received the notice. Mr. Forbes has not informed the district court or this Court what was the basis for his belief. He does not say how or why he was mistaken. He has not alleged that he performed any research or just took it on faith that the law of one jurisdiction was the same as another's. His ability to rely on a view of the law not articulated in I.C. § 41–334 is severely undercut by the detail the statute uses when describing the time for a response, and by the notice of service he received from the Director. Moreover, Mr. Forbes is experienced in handling these matters. He is the senior claims manager and assistant vice president for Transamerica. He has worked there since 1985 and has a total of thirty-two years experience handling insurance claims. Transamerica has not supplied any further description of his experience or responsibilities. Washington Federal, however, asserts that Mr. Forbes heads Transamerica's litigation department and "is responsible for answering complaints."

The record suggests two possibilities: either Mr. Forbes did not read the Idaho statute or he misinterpreted it. Either scenario presents a mistake of law. The traditional rule, expressed by our Supreme Court, is that a "mistake sufficient to warrant setting aside a default judgment must be of fact and not of law." *Hearst Corporation v. Keller*, 100 Idaho 10, 11, 592 P.2d 66, 67 (1979) *reversed on other grounds, Shelton v. Diamond International Corp.*, 108 Idaho at 938, 703 P.2d at 702. We observe that

ignorance of the law or rules of procedure are generally inexcusable. *See* 11 C. WRIGHT, A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2858 p. 170 (1973). However, there are some cases from other jurisdictions which hold that misinterpretation of the law, and sometimes even being unaware of local rules of procedure, can in certain circumstances constitute excusable neglect even though a mistake of law is presented. *Id. See also* A.S. KLEIN, ANNOT., *Opening Default or Default Judgment Claimed to have been Obtained because of Attorney's Mistake as to Time or Place of Appearance, Trial, or Filing Necessary Papers*, 21 A.L.R.3d 1255, 1281–84 and 1313–15 (1968).

Transamerica argues that Mr. Forbes' mistake of law is relatively indistinguishable from a mistake of fact and on this basis relief on the ground of excusable neglect was warranted. Transamerica cites *Schraufnagel v. Quinowski*, 113 Idaho at 753, 747 P.2d at 775, in which the plaintiff-respondent obtained a default and judgment against Quinowski, the *pro se* defendant-appellant, because Quinowski failed to appear at a hearing on a motion for summary judgment. Although he had answered the complaint, Quinowski did not attend the hearing, relying instead on several court notices stating that the case was set for trial. Quinowski believed that because he received trial notices after the summary judgment hearing was scheduled but before it was held, the trial notices superseded everything else. When he failed to appear at the hearing a judgment was entered against him.

Quinowski moved for relief under I.R.C.P. 60(b) on the ground of excusable neglect. The district court denied the motion. We reversed, holding that "there appears to be no satisfactory conceptual basis to distinguish entirely a mistake of law from excusable neglect." *Schraufnagel*, 113 Idaho at 755, 747 P.2d at 779. We also held that mistake of law and excusable neglect may sometimes overlap, and that where relief for a mistake has been denied because a mistake was one of law rather than fact, our Supreme Court has taken care to point out that the circumstances did not also show excusable

neglect. *Id.* citing *McKee Brothers, Ltd. v. Mesa Equipment, Inc.*, 102 Idaho 202, 628 P.2d 1036 (1981); *Kingsbury v. Brown*, 60 Idaho 464, 92 P.2d 1053 (1939).

We find *Schraufnagel* to be inapposite. "The courts must weigh each case in light of its unique facts." *Johnson*, 104 Idaho at 732, 662 P.2d at 1176. Here, Mr. Forbes is not a *pro se* litigant and there was no confusion over conflicting documents, statutes or rules. There was only a misinterpretation of or an ignorance of Idaho law.

We find this case to be more akin to *Gro–Mor, Inc. v. Butts*, 109 Idaho at 1020, 712 P.2d at 721, wherein Butts, the defendant-appellant, appealed the district court's refusal to set aside a default judgment entered against him. Butts had been personally served with process in California on April 22, 1983, and upon Gro–Mor's application, a default was entered against him on May 18, 1983. One of the reasons underlying Butts' claim for relief was that he was unaware of the twenty-day answering time in Idaho, but was aware that California had a thirty-day time limit. The district court found that Butts' lack of knowledge did not constitute excusable neglect. We agreed, holding that Butts did not act as a reasonably prudent person would have under the same circumstances and that his response to the lawsuit constituted "abject neglect" which is not a basis for relief under I.R.C.P. 60(b).

*Gro-Mor* has as its foundation previous cases from our Supreme Court, in which the Court has held that failure to know and meet filing deadlines are inexcusable mistakes of law. In *Hearst Corporation v. Keller*, 100 Idaho at 10, 592 P.2d at 66, the Court stated that:

> Defendant's affidavit herein offers as his mistake or excusable neglect only his statement that he was unaware of the strict requirements of the rules requiring answer and counterclaim to be made within twenty days of service. He offers no reason for reaching such a conclusion in view of the plain wording of the summons to the contrary. There is no plea that he could not read or understand, or was in any way distracted by other urgent matters. If he mistook the law such a mistake was not sufficient. If he decided the wording of the summons did not mean what it plainly said, such neglect was not the act of a reasonable person under the circumstances and was therefore not excusable.

*Hearst Corporation*, 100 Idaho at 12, 592 P.2d at 68. In *Newbold v. Arvidson*, 105 Idaho 663, 672 P.2d 231 (1983), the Court addressed Mr. Arvidson's failure to answer a complaint. His failure allowed a default and default judgment to be entered against him. The district court granted relief from the judgment under Rule 60(b). The Supreme Court held that relief was improperly granted and stated that:

> It is apparent from the record in this case that the bases alleged for Mr. Arvidson's failure to take action on the complaint consist only of mistakes of law. He did not understand his legal obligation upon receiving Newbold's complaint. The law cannot excuse willful ignorance but imposes an obligation on such a person to seek out assistance of legal counsel.

*Newbold*, 105 Idaho at 664, 672 P.2d at 232.

Although Arvidson was a layman who had not obtained counsel after warnings that he should, we find the Court's approach in that case to be conceptually the same as our approach here. Transamerica has presented mistakes of law based on Mr. Forbes' misunderstandings of his legal obligation after receiving the notice of service from the Director. Mr. Forbes failed to forward the document to counsel. To paraphrase *Newbold*, he failed to seek out timely assistance. Although he claims that his mistake was based on inadvertence and neglect, merely attaching those labels to one's actions do not automatically make the actions excusable. Given the circumstances as described in the record, Mr. Forbes' conduct falls below that expected of a reasonably prudent person in Mr. Forbes' situation. Therefore, we consider Transamerica's failure to timely respond to be inexcusable under Rule 60(b)(1). The district court abused its discretion by holding otherwise.

In conclusion, the order granting Transamerica's motion to set aside the default and default judgment is vacated, and the judgment is reinstated. Our decision makes it unnecessary to address Washington Federal's appeal from the order granting Transamerica's motion for summary judgment, as it is automatically vacated by this opinion.

Costs, but not attorney fees, are awarded to the appellant, Washington Federal.

PERRY, J., and SWANSTROM, J. pro tem., concur.