875 P.2d 945

Roberto ROSALES, Epifinia Rosales, Nora Rosales, Nelda Garcia, individually and as Guardian Ad Litem of Monica Rosales, a minor child, Plaintiffs–Appellants,

v.

Michael Anthony BALBAS, Jonathan S. Van Hoogen and Barry Van Hoogen, Defendants–Respondents.

No. 20568.

Court of Appeals of Idaho.

June 2, 1994.

Marcus, Merrick & Montgomery, Boise, for appellants. Gale M. Merrick argued.

Quane, Smith, Howard & Hull, Boise, for respondents. Michael P. Stefanic, II, argued.

WALTERS, Chief Judge.

This is an appeal from an order denying the plaintiffs' motion to set aside an order dismissing their personal injury action. For the reasons explained below, we affirm.

### Facts.

Roberto Rosales, Epifinia Rosales, Nora Rosales, Nelda Garcia, and Monica Rosales ("the Plaintiffs") were allegedly injured in Boise, Idaho, when, on October 14, 1989, Michael Balbas backed his vehicle out of his driveway and collided with the pick-up truck in which the Plaintiffs were travelling. The Plaintiffs, all of whom reside in Texas, re-

tained the services of a Texas attorney who, in turn, arranged to have the Plaintiffs represented by additional, local counsel in Idaho. Through their Idaho attorney, the Plaintiffs filed a complaint in the Ada County District Court on October 15, 1991, seeking compensation for the personal injuries they allegedly sustained in the collision.[1]

On July 10, 1992, the Plaintiffs' Idaho attorney filed a motion to withdraw from the case, citing his inability to obtain the Plaintiffs' full cooperation in the litigation of the matter. After notice and hearing, the district court granted the motion and on July 27, 1992, entered an order allowing that attorney to withdraw from the case. The order of withdrawal provided:

> that the Plaintiffs shall have twenty (20) days from the date of the mailing of this order in which to retain another attorney to appear or in which to appear in person by filing a written notice with the Court stating that each will represent himself or herself.
>
> IT IS HEREBY FURTHER ORDERED That for a period of twenty (20) days after service or mailing of this Order of Withdrawal upon the Plaintiffs that no further proceedings can be had in the above-captioned action that will affect the rights of Plaintiffs.
>
> IT IS FURTHER ORDERED That if the Plaintiffs fail to file and serve an additional written appearance in the action either in person or through a newly retained attorney within the following twenty (20) day period, that the opposing parties, the Defendants herein, may apply to the Court for the entry of default in the above-captioned action without further notice. *Further, any Complaint or counterclaims entered by the parties whose attorney is withdrawing may be dismissed.*

(Emphasis added.)

The certificate of service reflects that the Idaho attorney mailed copies of the withdrawal order to the Plaintiffs and their Texas attorney on July 30, 1992. As evidenced by the signed mail receipts, the Plaintiffs and

their attorney actually received those copies on August 3, 1992. However, no additional notices of appearance were filed by or on behalf of the Plaintiffs within the twenty-day period. On August 25, 1992, the defendants filed an ex parte motion in the district court for an order to dismiss the case. That same day, the district court granted the motion and entered an order dismissing the Plaintiffs' case with prejudice. Although the Plaintiffs' Texas attorney had contacted another attorney in Idaho regarding the representation of the Plaintiffs sometime in the early part of August, it was not until August 26—one day after the court had dismissed the case—that the new Idaho attorney filed his notice of appearance in the case.

Five months later, on January 13, 1993, the Plaintiffs, through their new Idaho attorney, filed a motion to set aside the order of dismissal on the grounds of mistake, inadvertence, surprise, or excusable neglect. I.R.C.P. 60(b)(1). After conducting a hearing on the matter, the district court entered an order denying the motion. The Plaintiffs appeal from that order.

## Issues

On appeal, the Plaintiffs raise the following issues:

1. Should the order of dismissal be set aside on the ground that the predicate order allowing counsel to withdraw failed to provide the notice required by I.R.C.P. 11(b)(3)?

2. Did the district court abuse its discretion by failing to grant the Plaintiffs' motion, made under I.R.C.P. 60(b)(1), to set aside the order of dismissal?

### 1. Failure to comply strictly with I.R.C.P. 11(b)(3).

■ The Plaintiffs claim that the order of dismissal must be vacated because the predicate order of withdrawal did not comply with

---

1. The Plaintiffs also named as defendants Jonathan Van Hoogen and Berry Van Hoogen, who

owned and insured the vehicle driven by Balbas,

the notice requirements of I.R.C.P. 11(b)(3).[2] Specifically, they contend that the order of withdrawal failed to advise them that their complaint could be dismissed "with prejudice" as required by the Rule. As a result of this defect, they argue, the subsequent order dismissing the case with prejudice was voidable and should now be set aside. *See Reinwald v. Eveland*, 119 Idaho 111, 803 P.2d 1017 (Ct.App.1991); *Rodell v. Nelson*, 113 Idaho 945, 750 P.2d 966 (Ct.App.1988). This issue, however, was never raised before the trial court but is advanced for the first time on appeal. In Idaho, it is well established that issues not raised in the court below are deemed to have been waived; consequently, such issues will not be considered on appeal. *Matter of Estate of Reinwald*, 122 Idaho 401, 402, 834 P.2d 1317, 1318 (1992); *Sun Valley Shopping Ctr., Inc. v. Idaho Power Co.*, 119 Idaho 87, 93, 803 P.2d 993, 998 (1991).

## 2. Did the trial court abuse its discretion in denying Plaintiffs' Rule 60(b) motion to set aside the order?

■ The Plaintiffs also aver that the district court erred in refusing to set aside the order under I.R.C.P. 60(b)(1). Rule 60(b)(1) provides that a court may relieve a party from a final judgment or order for "mistake, inadvertence, surprise, or excusable neglect." In applying this criteria, the court must examine whether the litigant engaged in conduct which, although constituting neglect, was nevertheless excusable because a reasonably prudent person might have acted the same under the circumstances. *Washington*

*Fed. Sav. v. Transamerica*, 124 Idaho 913, 915, 865 P.2d 1004, 1006 (Ct.App.1993); *Gro-Mor, Inc. v. Butts*, 109 Idaho 1020, 712 P.2d 721 (Ct.App.1985). Additionally, the party seeking relief from an order must show due diligence in the prosecution of its rights. *Id.*

■ The decision whether to grant relief under I.R.C.P. 60(b)(1) is committed to the discretion of the trial court. *Shelton v. Diamond Int'l*, 108 Idaho 935, 937, 703 P.2d 699, 701 (1985); *Washington Fed. Sav.*, 124 Idaho at 915, 865 P.2d at 1006. When an exercise of discretion is reviewed on appeal, we inquire (1) whether the lower court rightly perceived the issue as one of discretion; (2) whether the court acted within the boundaries of such discretion and consistently with any legal standards applicable to specific choices; and (3) whether the court reached its decision by an exercise of reason. *Sun Valley Shopping Ctr., Inc. v. Idaho Power Co.*, 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991). Thus, if the trial court makes findings of fact which are not clearly erroneous, and applies to those facts the proper criteria under Rule 60(b)(1) (tempered by the policy favoring relief in doubtful cases), and if the court's decision follows logically from the application of such criteria to the facts found, then the court will be deemed to have acted within its discretion. *Shelton*, 108 Idaho at 938, 703 P.2d at 702; *Washington Fed. Sav.*, 124 Idaho at 915, 865 P.2d at 1006.

[4] In the instant case, the district court expressly recognized the discretionary nature of its decision and correctly identified

---

seeking to hold those parties liable under a theory of negligent entrustment.

**2.** Rule 11(b)(3) of the Idaho Rules of Civil Procedure provides:

If an attorney is granted leave to withdraw, the court shall enter an order permitting the attorney to withdraw and directing the attorney's client to appoint another attorney to appear, or to appear in person by filing a written notice with the court stating how the client will proceed without an attorney, within 20 days from the date of service or mailing of the order to the client.

After the order is entered, the withdrawing attorney shall forthwith, with due diligence, serve copies of the same upon the client and all other parties to the actions. The withdrawing attorney may make such service upon the

client by personal service or by certified mail to the last known address most likely to give notice to the client, which service shall be complete upon mailing. Upon the entry of an order granting leave to an attorney to withdraw from an action, no further proceedings can be had in that action which will affect the rights of the party of the withdrawing attorney for a period of 20 days after service or mailing of the order of withdrawal to the party. If such party fails to file and serve an additional written appearance in the action either in person or through a newly appointed attorney within such 20 day period, such failure shall be sufficient ground for entry of default and default judgment against such party or *dismissal of the action of such party, with prejudice, without further notice, which shall be stated in the order of the court*. (Emphasis added.)

I.R.C.P. 60(b)(1) as containing the criteria applicable to its decision. The court found that the Plaintiffs and their Texas attorney had received the withdrawal order on August 3, 1992, and that the Texas attorney was guilty of neglect for failing to arrange for timely appearances on the Plaintiffs' behalf. The court further found that such neglect was directly responsible for the entry of the August 25th order dismissing the Plaintiffs' case. Finally, the court found that the Plaintiffs had failed to meet their burden of establishing facts to excuse the neglect. Based on these findings, the district court held that the Plaintiffs were not entitled to relief from the order, and it denied their motion.

Challenging the district court's ruling on appeal, the Plaintiffs argue that the refusal to excuse their attorney's neglect, in light of the mitigating facts and circumstances in the record, represents an abuse of discretion. The Plaintiffs specifically argue the following facts: they believed their Texas attorney had taken the necessary steps to comply with the court's order; they are not Idaho residents; there existed "language barriers;" and their action included the claim of a minor child.

We begin by noting that the neglect of an attorney is attributed to the client; unless the attorney's neglect is legally excusable, the client will not be excused. *Liberty Mut. Ins. Co. v. Rapton,* 140 Ariz. 60, 680 P.2d 196, 200 (App.1984); *Paxson v. Rice,* 217 Mont. 521, 706 P.2d 123, 125 (1985); *Tahoe Village Realty v. DeSmet,* 95 Nev. 131, 590 P.2d 1158, 1160 (1979). Consequently, the Plaintiffs may not have the adverse order set aside on the ground that they reasonably relied on their attorney.

The record also reflects that although the Plaintiffs are Spanish-speaking, their Texas attorney, who continued to represent them, is bilingual in Spanish and English. Furthermore, counsel had received the court's withdrawal order and clearly was put on notice that unless additional appearances were filed in Idaho within the twenty-day period provided in the order, his clients' case could be dismissed. Although the Plaintiffs reside outside of Idaho, we find nothing in their affidavits to explain how such a fact prevented their attorney from complying with the court's order. We agree with the district court that no reasonably prudent attorney in these circumstances would fail to arrange for timely appearances on behalf of his or her clients.

Finally, we observe that while the dismissal of a claim belonging to a minor child may serve to underscore the harsh consequences of an attorney's neglect, it does not excuse that neglect. We therefore conclude that the Plaintiffs have failed to demonstrate the district court abused it discretion in denying the motion to set aside the order. Accordingly, we will not disturb that exercise of discretion on appeal.

### Conclusion.

The district court's decision denying the Plaintiffs' motion to set aside the order dismissing their case with prejudice, is affirmed. Costs to the respondents, as provided by I.A.R. 40. No attorney fees are awarded on appeal.

LANSING and PERRY, JJ., concur.