Judge LANSING,
dissenting.
Although I agree with the majority that Barraza has adequately alleged a meritorious defense, I would affirm the district court’s holding that he failed to show that his default was the product of excusable neglect.
A motion to set aside a default judgment under this rule is committed to the sound discretion of the trial court, and we therefore will not disturb the trial court’s order in the absence of an abuse of discretion. Clear Springs Trout Co. v. Anthony, 123 Idaho 141, 143, 845 P.2d 559, 561 (1992); Tyler v. Keeney, 128 Idaho 524, 526, 915 P.2d 1382, 1384 (Ct.App.1996). Excusable neglect is “a factual question ... which ‘must be answered by examining what might be expected of a *519 reasonably prudent person under similar circumstances.’” State, Dep’t of Law Enforcement v. One 1990 Geo Metro, 126 Idaho 675, 680, 889 P.2d 109, 114 (Ct.App.1995) (quoting Herzinger v. Lockwood Corp., 109 Idaho 18, 19, 704 P.2d 350, 351 (Ct.App.1985)). Thus, on appeal we examine the district court’s determination as to whether the litigant “engaged in conduct which, although constituting neglect, was nevertheless excusable because a reasonably prudent person might have done the same thing under the circumstances.” Schraufnagel v. Quinowski, 113 Idaho 753, 754, 747 P.2d 775, 776 (Ct.App.1987).
Here, the only evidence purporting to explain Barraza’s inaction after service of the complaint was presented through the affidavit of his attorney, which states:
2. That Defendant discussed this ease with me, and paid me for my legal advice; however, at that time, no lawsuit was filed and therefore I could not file a Notice of Appearance on behalf of Defendant.
3. A Complaint was later filed and Defendant was served with the Complaint, but did not tell me, thus, no Answer and Counterclaim was filed.
4. Defendant believed that I was representing him after our discussions regarding the case, and therefore had the mistaken belief that he did not need to let me know that a lawsuit had been filed and a lady had given him papers as service of process.
5. Defendant speaks very little English, cannot read or write English, and thus did not understand the notice in the Summons requiring him to file a responsive pleading within twenty (20) days.
From this affidavit we are informed that at some unidentified time prior to commencement of the action, Barraza talked to his lawyer about the dispute but did not contact the lawyer after Barraza was served with process. We are told he believed that he did not need to notify the lawyer about service of the complaint, but we are given no basis upon which he could have formed such a mistaken belief. We are also informed that because of a language barrier, he did not understand the notification in the summons requiring a responsive pleading within twenty days, and from that we can infer that he did not ask anyone to translate the document for him.
In my view, the district court was well within the bounds of its discretion in finding that these facts do not describe conduct “which would be expected of a reasonably prudent person under the same circumstances.” I am not unsympathetic with the difficulties confronted by a non-English-speaking person who is thrust into the complexities of the American legal system, but a language barrier, standing alone, cannot justify ignoring service of process. Reasonable diligence in that circumstance would require that an individual at least obtain the services of an interpreter who could explain the content of the document. Although Barraza might have had a legitimate reason to expect that his attorney would protect his interests without notification from Barraza when process was served, the evidence presented in support of the motion to set aside the default judgment discloses no reason, much less a reasonable one, for such a belief. A recent decision of the Idaho Supreme Court indicates that if a defendant who was served with a complaint retains a lawyer to represent him in the action and the lawyer fails to do so, excusable neglect is shown, Idaho State Police ex rel. Russell v. Real Property Situated in the County of Cassia, 144 Idaho 60, 156 P.3d 561 (2007).[1] That is not what occurred here, however, for the evidence indicates Barraza did not ask the attorney to do anything after the complaint was filed.
For these reasons, I would affirm the district court’s denial of Barraza’s motion to set aside the default judgment.

. This Idaho Supreme Court decision appears to implicitly overrule an Idaho Court of Appeals decision, Rosales v. Balbas, 125 Idaho 848, 851, 875 P.2d 945, 948 (Ct.App. 1994), where we stated that "the neglect of an attorney is attributed to the client; unless the attorney’s neglect is legally excusable, the client will not be excused.”