IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 39973

| | | |
|---|---|---|
| LEROY MICKEY, an individual, | ) | 2013 Unpublished Opinion No. 387 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: March 5, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| BENONE HALINGA, an individual; and | ) | THIS IS AN UNPUBLISHED |
| PETRONELA HALINGA, an individual, | ) | OPINION AND SHALL NOT |
| | ) | BE CITED AS AUTHORITY |
| Defendants-Appellants. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Ronald J. Wilper, District Judge.

Order of the district court granting in part and denying in part motion to set aside default and default judgment, affirmed.

Kulchak & Associates, Boise, for appellants. J. Michael Kulchak argued.

Belnap Stewart Taylor & Morris, PLLC, Boise, for respondent. Daniel W. Bower argued.

---

GRATTON, Judge

Benone and Petronela Halinga appeal from the district court's order granting in part and denying in part their motion to set aside default and default judgment. The appellants claim the district court erred in failing to set aside default pursuant to Idaho Rule of Civil Procedure 60(b)(1), (b)(4), and (b)(6).

## I.

## FACTUAL AND PROCEDURAL HISTORY

The district court found the following facts and set forth its conclusions of law orally at a hearing on May 3, 2012: On February 28, 2012, Leroy Mickey filed a verified complaint against the appellants and Benone Enterprises asserting claims for breach of contract and violation of Idaho's employee wage claim laws. In addition to asserting those two claims, Mickey also asserted Benone Enterprises was the "alter ego" of the appellants.

1

On March 23, 2012, Mickey filed for entry of default and default judgment. Based on the failure to timely answer the complaint, the district court entered a default judgment. On April 16, 2012, Petronela Halinga, Benone Halinga, and Benone Enterprises filed a motion to set aside default and default judgment. The district court found that Petronela was individually served and accepted service of process for her husband, Benone, and found no basis to set aside the default. The district court also found that Petronela was not authorized to accept service of process on behalf of Benone Enterprises and since the corporation was not properly served, vacated the default against the business. Petronela and Benone timely appeal.

## II.

## ANALYSIS

The appellants claim the district court erred by denying, in part, the motion to set aside default and default judgment. Specifically, the appellants argue the default should be set aside pursuant to I.R.C.P. 60(b)(1), (b)(4), and (b)(6). The interpretation of the Idaho Rules of Civil Procedure is a matter of law over which this Court has free review. *Printcraft Press, Inc. v. Sunnyside Park Utilities, Inc.*, 153 Idaho 440, 448, 283 P.3d 757, 765 (2012). The decision to grant or deny a motion under I.R.C.P. 60(b) is committed to the discretion of the trial court.

> A trial court's decision whether to grant relief pursuant to I.R.C.P. 60(b) is reviewed for abuse of discretion. The decision will be upheld if it appears that the trial court (1) correctly perceived the issue as discretionary, (2) acted within the boundaries of its discretion and consistent with the applicable legal standards, and (3) reached its determination through an exercise of reason. A determination under Rule 60(b) turns largely on questions of fact to be determined by the trial court. Those factual findings will be upheld unless they are clearly erroneous. If the trial court applies the facts in a logical manner to the criteria set forth in Rule 60(b), while keeping in mind the policy favoring relief in doubtful cases, the court will be deemed to have acted within its discretion.

*Eby v. State*, 148 Idaho 731, 734, 228 P.3d 998, 1001 (2010) (internal citations omitted). To decide whether findings of fact are clearly erroneous, this Court must determine whether the findings are supported by substantial, competent evidence. *In re Williamson*, 135 Idaho 452, 454, 19 P.3d 766, 768 (2001). Evidence is substantial and competent if a reasonable trier of fact would accept it and rely on it. *Id.* Findings based on substantial, competent evidence, even if conflicting, will not be disturbed on appeal. *Bolger v. Lan*ce, 137 Idaho 792, 794, 53 P.3d 1211, 1213 (2002).

2

**A.      Idaho Rule of Civil Procedure 60(b)**

As noted, the district court's order granted in part and denied in part the motion to set aside default and default judgment.  The appellants claim they were never served.  In the alternative, the appellants argue that even if Petronela had been served, it was excusable neglect that she failed to inform Benone of the complaint, justifying relief for Benone.  The appellants further argue the district court erred in focusing its analysis on Petronela's conduct, instead of Benone's.

The district court found that Petronela had been properly served:

> And there is certainly a motive to fabricate by Ms. Halinga and quite frankly a very compelling motive not to fabricate by the process server.  Okay?
> The issue before the court initially is whether or not the moving party has carried his burden of proof and burden of persuasion on that very critical issue, and I find, Mr. Kulchak, that you have not.  I find rather that it is more probable than not that the process server's version of the event and his sworn affidavit swearing that he did serve Ms. Halinga at that location is more probably than not the truth.
> So that's my first finding.  And where do we go from there?
> Ms. Halinga has been--was served with a summons and complaint.  She did not file an answer within the required time.
> Default was entered against her and default judgment was entered against her, but that's not the end of the story.  If she were the only defendant, this analysis I think might be over.

The district court also found that Benone was also validly served:  "So service of process was effective on him by virtue of the fact that it was effective on his wife."

Here, the record shows the district court had before it the affidavit of the process server, as well as the appellants' affidavits claiming that they never were served.  According to the process server's affidavit, prior to service he was provided a description of the appellants and the vehicles they drove.  The affidavit notes:

> I observed one of the vehicles described to me as a vehicle belonging to Petronela and Benone Halinga.  I knocked on the door and was received by a woman dressed in a bathrobe.  I asked her if she was Petronela Halinga and she informed me that she was.
> After she accepted service on her own behalf, I asked her if Benone Halinga was home.  She said he was not.  I asked her if she could accept service on behalf of Benone Enterprises, Inc. and she informed me that she could. Accordingly, I served Benone Halinga through substitute service by leaving a copy of the summons and verified complaint with his wife, Petronela Halinga, at his residence.  I served Benone Enterprises, Inc. by leaving a copy of the

3

summons and verified complaint with an individual, Petronela Halinga, who represented to me that she was authorized to accept service as an agent of Benone Enterprises, Inc.

Moreover, the process server was later provided a picture of Petronela and confirmed that she was the individual he had served. We conclude that the district court's findings are supported by substantial evidence and are not clearly erroneous.

Next, the appellants claim that even if this Court determines Petronela was properly served, the district court abused its discretion by holding that Benone's neglect was not excusable. Idaho Rule of Civil Procedure 60(b)(1) states that a court may relieve a party from a final judgment or order for "mistake, inadvertence, surprise, or excusable neglect." The decision whether to grant relief under I.R.C.P. 60(b) is committed to the discretion of the district court. When exercising its discretion, the district court must examine whether "the litigant engaged in conduct which, although constituting neglect, was nevertheless excusable because a reasonably prudent person might have done the same thing under the circumstances." *Washington Federal Savings and Loan Ass'n v. Transamerica Premier Ins. Co.*, 124 Idaho 913, 915, 865 P.2d 1004, 1006 (Ct. App. 1993). Merely attaching labels such as inadvertence and neglect to one's actions does not automatically make those actions excusable. *Id.* at 918, 865 P.2d at 1009.

Idaho Rule of Civil Procedure 4(d)(2) sets forth the requirements for service upon individuals, as follows:

> Upon an individual . . . by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person over the age of eighteen (18) years then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

Implicit in I.R.C.P. 4(d)(2) is that a person of age who resides in an individual's dwelling, especially when this person is a spouse, will inform the individual of the service of process. Without this implicit understanding, a party could always claim they never received service of process--effectively eroding I.R.C.P. 4(d)(2) and the ability to serve by delivering a copy to anyone but the individual in the underlying claim. This is clearly not the intent of I.R.C.P. 4(d)(2). As such, Benone was properly served. The rule reasonably assumes that spouses will arrange their affairs such that events like service of a summons will be communicated. Failure

4

of such communication is a two-way street.[1]  Here, Benone simply claims that he was not told of the service.  However, the district court found that even if Benone was unaware of the service, any failure by Petronela to call the service of process to Benone's attention "might have been neglect, but it wasn't excusable neglect."  The district court was within its discretion to determine that Benone had not shown excusable neglect.

> The appellants also claim:
>
> > Under Rule 60(b)(4) of the Idaho Rules of Civil Procedure, a default judgment may be set aside when the judgment is found to be void.  Generally, where a party has not been served with process or was improperly served with process, any judgment against such party is void.  [*Thiel v. Stradley*, 118 Idaho 86, 87, 794 P.2d 1142, 1143 (1990).]
> >
> > In the instant case, Benone was in Alaska at the time of the alleged service and Petronela was at her salon.  Neither of the parties had any knowledge of the summons or complaint.  The process server, at the time of service, had no idea what Petronela looked like.  There is no indication he asked the person whom he claimed to have served for identification.
> >
> > There was not proper service and as such the judgment is void and should be set aside.

The appellants' argument attempts to have this Court second-guess the district court's factual findings.  Moreover, the appellants do not argue with regard to this claim that the district court's factual findings were clearly erroneous.  A party waives an issue on appeal if either argument or authority is lacking.  *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997).

Lastly, the appellants claim, pursuant to I.R.C.P. 60(b)(6), the district court's order must be set aside because their liability "is based entirely upon the allegation that Benone Enterprises, Inc. is their alter ego."  Essentially, the appellants are arguing that under I.R.C.P. 60(b)(6), a court may relieve a party from a final judgment "for any other reason justifying relief."  This argument was raised in the appellant's motion to set aside default and default judgment.  However, the argument was raised only in the context of attempting to show a meritorious defense:  "Defendants also have a meritorious defense to the above action in that the individuals

---

[1]  Benone may have been out of town at the time of service, but returned weeks before an answer was due.  The appellants do not claim a general breakdown in their relationship or communication, or any other factor that may have caused a lack of communication which might substantiate his claim.  Petronela does not claim that she was ill or on medications or somehow just forgot; instead, she adamantly denies any service, which the district court found incredible.

named have no liability for the plaintiff's claims against [the] corporation, all alleged agreements were between the corporation and the plaintiff and no amounts are owed to the plaintiff by any of these defendants." Moreover, in support of that motion, the appellants' memorandum stated: "In order to set aside a judgment based upon Rule 60(b) of the Idaho Rules of Civil Procedure, a party must first show mistake, inadvertence, surprise, or excusable neglect." Although only cited as I.R.C.P. 60(b), the appellants' motion only described reasons pursuant to I.R.C.P. 60(b)(1). The argument concerning the liability of the parties was also brought up at oral argument, but only in response to the judge questioning: "And [opposing counsel] is correct when he states that the party who is seeking to have the default and default judgment set aside also has to show a meritorious defense. So do you just want to be heard on argument in that regard?" The appellants did not cite I.R.C.P. 60(b)(6) in the motion, memorandum, or oral argument, nor did the appellants assert that there were unique and compelling circumstances that justify relief--the proof required from a party seeking relief under I.R.C.P. 60(b)(6). *See In re Estate of Bagley*, 117 Idaho 1091, 1093, 793 P.2d 1263, 1265 (Ct. App. 1990) ("Rule 60(b)(6) has clearly defined limits. The party making a Rule 60(b)(6) motion must demonstrate unique and compelling circumstances justifying relief."). Generally, issues not raised below may not be considered for the first time on appeal. *Sanchez v. Arave*, 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991).

**B.      Attorney Fees on Appeal**

Mickey claims he is entitled to attorney fees on appeal pursuant to Idaho Code § 12-121 and Idaho Appellate Rule 11.2. Idaho Code § 12-121 states:

> In any civil action, the judge may award reasonable attorney's fees to the prevailing party or parties, provided that this section shall not alter, repeal or amend any statute which otherwise provides for the award of attorney's fees. The term 'party' or 'parties' is defined to include any person, partnership, corporation, association, private organization, the state of Idaho or political subdivision thereof.

Idaho Appellate Rule 11.2 likewise awards attorney fees against an opposing party if a legal argument is made "for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation."

Here, the appellants made a cognizable claim that was not frivolous, i.e., whether it is excusable neglect for a spouse to fail to respond to a complaint where he has not been informed by the other spouse of the service. Thus, we cannot say this appeal was entirely frivolous,

6

unreasonable, or without foundation. Therefore, we decline to award Mickey attorney fees on appeal.

## III.

## CONCLUSION

We hold that the district court did not abuse its discretion when it found that Petronela was properly served and accepted process on behalf of her husband. The district court did not abuse its discretion in refusing to set aside the defaults against appellants. Further, we hold that the appellants did not raise their I.R.C.P. 60(b)(6) argument below. Therefore, the district court's order granting in part and denying in part the motion to set aside default and default judgment is affirmed. Costs, but not attorney fees, are awarded to Mickey on appeal.

Chief Judge GUTIERREZ and Judge LANSING **CONCUR.**