Edward G. Baker, J.
Plaintiff, a longshoreman, employed by the third-party defendant (hereinafter called Spencer), brought this action against defendant, third-party plaintiff (hereinafter called Erie) to recover damages for personal injuries sustained by him while he was engaged in the work of unloading cases of goods from a scow owned by Erie. The scow was moored outboard of a lighter which lay alongside Pier 6, Bush Terminal, Brooklyn. The lighter was equipped with a mast, boom and rigging which was used for the transfer of the cargo from the scow to the pier. The horizontal move *523 ment of the boom, was controlled by a guy rope tended by one Borgersen, a fellow employee of plaintiff. Plaintiff was stationed on the scow, his job being to secure the cases prior to their being lifted and swung across the lighter to the pier. Borgersen was stationed on the lighter, his duty being to handle the guy rope. The vertical movement of the boom was controlled by one Harris, the captain of the lighter. He was a regular employee of Erie, but, pursuant to practice and custom, was the employee, pro tern., of Spencer and was being paid by the latter for the work performed in the unloading operation.
The scow, lighter, and the equipment used in the operation were the property of Erie.
After the work had been in progress several hours, a case weighing approximately 7,000 pounds was lifted from the scow and swung a distance of four or five feet toward the pier. At that point, the guy line parted, the boom swung back, and plaintiff was injured either as a result of being struck by the case or as a result of his leaping to avoid it.
The complaint alleged, in substance, that the lighter was unseaworthy in that the guy line was unfit and inadequate for the use for which it was intended, and that defendant, Erie, was negligent in failing to maintain the rigging on the vessel in a safe and seaworthy condition and in failing to afford plaintiff a reasonably safe place in which to work.
The case was submitted to the jury upon the question of unseaworthiness alone, the court being of the opinion that there was no need to charge upon the question of negligence since unseaworthiness due to inadequacy of the guy line, if found by the jury, would entitle plaintiff to recover irrespective of fault.
The jury returned a verdict in favor of plaintiff and against Erie in the sum of $7,500. We are here concerned with Erie’s third-party claim against Spencer to recover that amount together with the reasonable and necessary expenses of the trial.
Erie relies upon its contract with Spencer which provided, inter alia, as follows:
“ The contractor [Spencer] assumes all liability for loss or damage to property and injury to or death of persons (including workmen’s compensation) of
“ (a) itself, its officers, agents or employees,
“ (b) the Railroad, its officers, agents or employees,
“ (c) all other persons or corporations, including the property being handled by the contractor under this agreement and *524 the Railroad’s tools, machinery and equipment used by the contractor for that purpose; arising from any and all causes in connection with the handling of freight hereunder, and will indemnify the Railroad against any and all expenses in connection therewith, except when such loss, damage, injury or death is due solely to the negligence of, or conditions created solely by the Railroad, its officers, agents or employees.” (Emphasis supplied.)
Implicit in the jury’s verdict are: (1) the finding that the guy line furnished by Erie was inadequate or unfit for the use for which it was intended and to which it was put; and (2) rejection of Erie’s contention that the line was caused to part by reason of its having been used under conditions which placed upon it extraordinary or abnormal stress and strain or by reason of the manner in which it was used.
The “condition” which was the proximate cause of plaintiff’s injury was the inadequacy of the guy line, not the manner of its use or the circumstances under which it was used; and the jury so found. That condition constituted unseaworthiness which Erie alone had the duty to prevent. The condition was ‘" created ’ ’ by Erie’s failure to furnish equipment reasonably adequate for the use for which it was intended. The absolute duty to keep and maintain the lighter and its equipment in a seaworthy condition was peculiarly and exclusively the obligation of Erie and it was an obligation it could not delegate (Patterson v. Alaska Steamship, 205 F. 2d 478, affd. 347 U. S. 396).
Erie contends that the condition which caused plaintiff’s injuries was not “ created solely by the Railroad, its officers, agents, or employees.” It is argued that Spencer contributed to the defective condition of the rope by reason of having used it, from time to time, during the three-month period which elapsed from the time of its installation to the date of the accident. There is, however, no suggestion in the proof that Spencer’s prior use of the rope was negligent or improper, or that it had been put to anything more than usual and ordinary use; and, as hereinbefore pointed out, the jury rejected the contention that at the time of the accident the rope was being subjected to unusual strain and stress.
To adopt Erie’s view would be tantamount to holding that Spencer, by its contract, obligated itself to assume Erie’s burden of maintaining the latter’s lighter and equipment in a seaworthy condition — a duty requiring continuous inspection, the breach of which imposes liability without regard to fault. (Seas Shipping Co. v. Sieracki, 328 U. S. 85.)
*525 This is not a case where the unseaworthy condition was caused or created by the stevedore corporation itself as in Williams v. Lehigh Val. R. R. Co. (151 F. Supp. 809), where the court found that the cracked and broken dunnage which created the unseaworthy condition of the barge was supplied by the stevedore. Here, the guy line which failed, and all other equipment used in the operation, were furnished by Erie.
Ryan Stevedoring Co. v. Pan Atlantic S. S. Co. (350 U. S. 124), cited by Erie in its memorandum is not in point. In that case recovery over was allowed, in the absence of an express indemnity agreement, upon the basis of a breach by the stevedore of its warranty of workmanlike services consisting of its failure to stow cargo safely and properly.
Judgment is accordingly directed dismissing the third-party complaint.