327 P.2d 358

Henry STRAUB, Plaintiff-Respondent,

v.

Martha Winkler STRAUB, Defendant-Appellant.

No. 8551.

Supreme Court of Idaho.

July 2, 1958.

J. Ward Arney, Pat W. Arney, Coeur d'Alene, for respondent.

Peter B. Wilson, Bonners Ferry, for appellant.

PORTER, Justice.

Respondent is a resident of the State of Idaho. In October 1955, while on a visit to Calgary, Alberta, Canada, respondent met appellant, then Mrs. Martha Winkler. A few days later respondent left Calgary and came back to Idaho. On December 2, 1955, respondent returned to Calgary and on December 4, 1955, respondent and appellant were married.

Prior to her marriage, appellant was the widow of a German soldier and drawing a pension of $43 per month from the German Government. She is German and neither speaks nor understands the English language.

On December 6 the parties rented and moved into a 3-room apartment. On December 9 respondent separated from appellant, left Calgary and returned to Idaho.

On January 9, 1956, respondent filed suit for divorce in the District Court for Kootenai County against appellant, alleging mental cruelty as grounds for divorce. On January 14, 1956, appellant at Calgary signed and acknowledged an admission of service of the summons and complaint. Appellant had her minister translate the summons and complaint to her and he informed appellant that her husband was suing her for divorce. She immediately consulted her solicitor, Albert Ludwig, of Calgary, who, after some telephone conversations with the attorneys for respondent, advised appellant on February 18 that he could no longer represent her. She thereupon employed A. I. Shumiatcher of Calgary as her attorney.

On February 20, 1956, Mr. Shumiatcher sent for filing the following telegram to the Clerk of the District Court of Kootenai County:

"MR. JAMES RIGGS:

CLERK DISTRICT COURT OF THE EIGHTH JUDICIAL DISTRICT OF THE STATE OF IDAHO IN AND FOR THE COUNTY OF KOOENAI COEUR D'ALENE IDAHO USA:

"DEFENDANT INSTRUCTED ME TO DENY ALLEGATIONS MADE BY PLAINTIFF IN PARAGRAPHS FOUR AND FIVE OF HIS COMPLAINT NUMBER ONE SEVEN ONE ZERO SIX THAT SHE DOES NOT KNOW ENGLISH AND THAT UNTIL TODAY WHEN DOCUMENTS WERE TRANSLATED TO HER INTO GERMAN SHE DID NOT KNOW THAT HER HUSBAND COMMENCED AN ACTION AGAINST HER FOR DIVORCE AND FOR THAT REASON SHE DID NOT FILE DEFENCE UNTIL TODAY. SHE IS PENNILESS AND NEEDS OF HER HUSBAND'S SUPPORT AND MAINTENANCE FORTHWITH PLEASE REPLY.

"A I SHUMIATCHER QC 603 GRAIN EXCHANGE BLDG CALGARY ALBERTA CANADA"

A copy of such purported telegraphic answer was also sent to the attorneys for respondent.

Upon receipt of such telegram the Clerk of Court on February 21 sent the following letter to Mr. Shumiatcher:

"A. *E.* Shumiatcher, QC
603 Grain Exchange Bldg.,
Calgary, Alberta, Canada

"Dear Sir:

"Your telegram received this morning and in reply wish to say that it will be necessary for you to have a local attorney to represent your client, and we are enclosing a list of our resident attorneys.

"Thanking you, we are

"Yours very truly,

"James D. Riggs, Clerk of the Eighth Judicial District
"By                    Deputy."

On February 23, 1956, respondent caused the default of appellant to be entered in the case for failure of appellant to appear therein. On March 5, without any action being taken with respect to the purported telegraphic answer of appellant and in disregard of same by court and respondent, a default decree of divorce was entered.

On March 20 Peter B. Wilson, present counsel for appellant, was first retained to represent appellant in this cause. Counsel for appellant met upon several occasions with counsel for respondent in an attempt to negotiate a settlement of this litigation. When such attempted settlement did not meet with success, counsel for appellant filed an application requesting the court to issue an order to respondent requiring him to show cause why the decree of divorce should not be set aside and why appellant should not be permitted to appear and answer to the complaint on file. This application was based on the ground that appellant's failure to appear in the cause within the statutory time was due to excusable neglect from which relief should be granted under the provisions of Section 5–905, I.C. This application was supported by the affidavits of appellant, her attorney, Peter B. Wilson, and her solicitor, Mr. A. I. Shumiatcher, as to the facts in connection with the cause, and in connection with appellant's failure to appear within the statutory time. Prior to the hearing on the order to show cause, appellant filed an answer and cross-complaint setting out a meritorious defense to the respondent's action.

Respondent filed an answer to the order to show cause and supported the same by the affidavit of respondent. Such affidavit goes to the merits of the cause but does not contradict the steps taken by appellant to appear and contest such action. Upon the hearing on the order to show cause, the trial court entered an order denying appellant's application to have the default decree vacated and to have appellant's default set aside. From such order, appellant has appealed to this court.

In view of our ultimate disposition of this cause we deem it unnecessary to determine the legal effect of the purported telegraphic answer where no attempt was made to strike the same from the files, and the same was ignored when the default decree was entered.

Where a party seeks relief under the provisions of Section 5-905, I.C., from a default or a default judgment on the ground of excusable neglect, the application is to be judged by the showing made in support of same. Each application must be examined and determined in the light of the facts presented and the circumstances in connection with same.

It appears from the showing made by appellant that she was neither guilty of deliberate neglect nor of indifference. She was in a difficult situation. She was living in a land foreign to her and foreign to the residence of her husband where the divorce proceedings were commenced. She was handicapped by her ignorance of the English language. She acted with reasonable promptitude in having the divorce papers translated to her and in retaining a solicitor to advise her and to represent her interests in the litigation. Her desire in good faith to appear and contest the action is shown by the record. Respondent made no showing that any of his rights were prejudiced or that he was deprived of any advantage to which he was properly entitled by the delay between the time of the taking of the default and the filing of the application to have the same set aside.

Under the facts and circumstances of this case the neglect of appellant to appear in such cause within the time prescribed by statute constitutes excusable neglect under the provisions of Section 5-905, I.C., from which relief will be granted. The trial court erred in denying appellant's application to have the default set aside and to have the default judgment vacated. Johnson v. Noland, 78 Idaho 642, 308 P.2d 588; Davis v. Rathbun, 79 Idaho 482, 321 P.2d 609; Johnson v. McIntyre, ante, p. 135, 326 P.2d 989.

The order of the trial court denying the application to set aside the default and to vacate the default judgment entered herein is hereby reversed and the cause remanded to the trial court with directions to vacate the default judgment and to set aside the default entered against appellant and to proceed further in the premises. Costs awarded to appellant.

TAYLOR, SMITH and McQUADE, JJ., and NORRIS, D. J., concur.

KEETON, J., not participating.