■ TEDDY BERGQUIST, Respondent, v. ERIE RAILROAD COMPANY, Defendant, and Third-Party Plaintiff-Appellant. WILLIAM SPENCER & SON, CORP., Third-Party Defendant-Respondent.— Action by a longshoreman against the Erie Railroad Company to recover damages for personal injuries sustained by reason of unseaworthiness of a barge owned by Erie. Erie served a third-party complaint on William Spencer & Son, Corp., employer of the longshoreman, alleging that Spencer was actively negligent and had agreed to indemnify Erie. The appeal is from a judgment entered on a jury verdict in favor of the longshoreman and on the dismissal by the court of the third-party complaint. Judgment unanimously affirmed, with costs. No opinion. Present — Nolan, P. J., Wenzel, Beldock, Murphy and Kleinfeld, JJ. [10 Misc 2d 521.]

■ DEEPDALE CLEANERS, INC., Appellant, v. LEAH FRIEDMAN et al., Respondents, et al., Defendants.— In an action to restrain the use of a store, located in a shopping center, for dry cleaning and for shoe repairing, and to recover damages, the appeal is from a judgment entered after trial dismissing the amended complaint as to respondents on the merits. Judgment unanimously affirmed, with costs, and without prejudice to an action at law if appellant shall be so advised. The evidence justifies the finding that at the time of the execution of the lease between respondent Associated Property Management, Inc., as landlord, and respondent Prosperity Leasing Corp., as tenant, the latter had no knowledge of the restrictive covenant in the unrecorded agreement to which it was not a party. Under such circumstances, an injunction may not be granted (cf. *Hodge* v. *Sloan,* 107 N. Y. 244, 250; *Colbee 52nd St. Corp.* v. *Madison 52nd Corp.,* 8 Misc 2d 175, 180, affd. 5 A D 2d 971; *Senn* v. *Ladd,* 179 Misc. 306). Appellant may still have an adequate remedy at law for damages against the landlord (cf. *Senn* v. *Ladd, supra*). Present — Nolan, P. J., Beldock, Murphy, Ughetta and Hallinan, JJ.

■ HERBERT FERBER, Appellant, v. MURRAY FARBER et al., Respondents.— In an action by the vendee named in a contract for the purchase and sale of real property to recover the payments made on account thereof, to adjudge that he has a lien upon the real property, and to foreclose said lien, the appeal is from a judgment dismissing the complaint after trial. The contract was contingent upon the obtaining of a mortgage by the vendee "for not less than 25 years duration". The vendee refused a 25-year self-liquidating mortgage, contending that the quoted provision did not require that he accept an amortized mortgage. The Special Term found that the provision was ambiguous, took proof of the circumstances surrounding the execution of the contract, and held that the parties intended that the vendee would be required to accept a self-liquidating mortgage. Judgment unanimously affirmed, without costs. No opinion. Present — Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ.

■ J. FRIEDMAN CONSTRUCTION CO., INC., Appellant, v. NORTH LAKE ESTATES, INC., Respondent.— In an action for specific performance of certain provisions for reconveyance allegedly contained in a purchase-money mortgage, and for other relief, the appeal is from a judgment entered after trial dismissing the amended complaint upon the merits. Judgment unanimously affirmed, with costs. No opinion. Present — Nolan, P. J., Wenzel, Ughetta, Hallinan and Kleinfeld, JJ.