**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 34421**

| | | |
|---|---|---|
| JUAN MANUEL CUEVAS and YRENE BAEZ, individuals, | ) ) ) | **2008 Opinion No. 60** |
| Plaintiffs-Respondents, | ) ) | **Filed: June 24, 2008** |
| v. | ) ) | **Stephen W. Kenyon, Clerk** |
| BERNARDINO BARRAZA, an individual, | ) ) ) | |
| Defendant-Appellant, | ) ) | |
| and | ) ) | |
| LIOBALDO GARZA, an individual, and DOES I through X, unknown claimants to the real property described in Exhibit "A", commonly known as 29452 Pear Road, Parma, Idaho, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Dennis E. Goff, District Judge.

Order denying motion to set aside default judgment, <u>reversed</u> and <u>case</u> <u>remanded</u>.

Robert W. Ward of Hall, Friedly & Ward, Mountain Home, for appellant.

Mark D. Perison, Boise, for respondents.

_____

PERRY, Judge

Bernardino Barraza appeals from the district court's order denying his motion to set aside a default judgment. For the reasons set forth below, we reverse the order, vacate the default judgment, and remand to the district court.

1

# I.

## FACTS AND PROCEDURE

In March 2001, Juan Manuel Cuevas and Yrene Baez (hereinafter referred to as "Cuevas") allegedly entered into an agreement with Bernardino Barraza and Liobaldo Garza regarding real property (hereinafter "the ranch") owned by Cuevas. On May 6, 2002, Barraza recorded a form legal document titled "Claim of Lien," which was signed by Garza and himself on April 1, 2002. As filled in, the lien asserted that Cuevas contracted Barraza and Garza to furnish "labor, service or materials consisting of *unpaid refund in the amount $20,000.00 for the payments on real estate title* on" the ranch. (Filled-in portions of form in italics). The lien also asserted that the $20,000 remained unpaid and the "lienor furnished the first of the items on the *fifth* day of *January, 2002*," and the "last of the items on the *fifth* day of *January, 2002*." The lien also stated that "lienor" had provided the "contractor" with notice of the lien on March 7, 2002.

On April 2, 2007, Cuevas filed a complaint seeking to quiet title to the ranch and seeking damages for slander of title. Barraza received service of the complaint on April 15, 2007.[1] Barraza having filed no answer, Cuevas filed a motion for default judgment and supporting affidavits on May 9, 2007. On May 15, 2007, the district court entered an order of default judgment.

On May 24, 2007, Barraza filed a motion to set aside the default judgment, pursuant to I.R.C.P. 60(b), with an affidavit of counsel for Barraza and a proposed answer to the complaint and counterclaim.[2] The answer and counterclaim alleged that Cuevas executed a written contract to sell the ranch to Barraza on March 6, 2001, for $80,000, and Barraza paid $22,635.76, as a down payment. Barraza attached as an exhibit the purported contract, which consists of two pages, one of which is written in Spanish. Barraza further alleged that Cuevas later orally promised to reimburse Barraza $20,000 upon re-sale of the ranch to another party if

---

[1] Although counsel also averred in the affidavit that he filed the original affidavits of service on Garza and Barraza with the motion for default judgment, those documents are not included in the record before us.

[2] The record indicates that counsel for Barraza also represented Garza in this matter prior to when Cuevas filed the complaint. Garza was not a party to Barraza's answer, however, and is not a party to this appeal.

Barraza would vacate the premises. Barraza pled that he vacated the property and Cuevas had not reimbursed the $20,000. Barraza's answer also alleged affirmative defenses that Barraza was the owner of the ranch, Cuevas should be equitably estopped from denying he sold the ranch to Barraza, and the statute of limitation barred Cuevas' claims. The answer also included counterclaims of breach of a written contract, breach of an oral contract, breach of an implied in-fact contract, unjust enrichment, equitable estoppel, and a claim to quiet title to the ranch in Barraza. In the affidavit, Barraza's counsel averred that Barraza had previously retained him as counsel with regard to the dispute over this land several months before the complaint was filed but did not contact him promptly when served with the complaint. According to counsel's affidavit, Barraza believed that he did not need to contact counsel due to counsel's prior representation. Counsel further averred that Barraza spoke very little English and thus could not understand the summons requiring a responsive pleading in twenty days.

Cuevas filed a brief in opposition to the motion with a supporting affidavit and evidence of correspondence between his counsel and counsel for Barraza. The first letter, faxed from counsel for Cuevas to counsel for Barraza on March 19, 2007, requested that Barraza and Garza release the lien and indicated that, if they failed to do so, Cuevas would file a complaint to quiet title after March 23, 2007. The letter also included a copy of the complaint to be filed and indicated that, if counsel was still representing Barraza and Garza, he should contact them to make them aware of the impending litigation. In the second letter, faxed from counsel for Cuevas to counsel for Barraza on May 21, 2007, counsel indicated that he had received a phone message from Barraza's counsel stating that Barraza had "surfaced" and wished to defend against the action. Cuevas asserted in the brief that Barraza had not established excusable neglect with the affidavit of his counsel and that Barraza did not have a meritorious defense against the quiet title action.

At a hearing, the district court ruled that Barraza had not established a mistake or excusable neglect because Rule 60(b) does not mention a language barrier or lack of knowledge of the legal system as bases to set aside a default judgment. The district court stated that a reasonable person who received a summons in a foreign language "would have contacted a lawyer if they were familiar with the lawyer to advise them." The district court also ruled that Barraza had not pled facts that would establish a meritorious defense to the quiet title action

3

because Barraza had not set forth facts that Barraza had a valid lien on the ranch. Regarding the effect of the lien, the district court stated:

> Even if I said there was a land sale agreement for this particular piece of property, which I would have to assume that's what the Spanish document says and that's referring to this piece of property, the lien says we're not claiming any ownership of that property any longer. All we're claiming is that when he sold it he was going to give us $20,000.

The district court reasoned that, although Barraza may have alleged facts that would establish a meritorious claim for $20,000 in monetary damages, the default judgment only affected the validity of the lien and did not preclude any future action for monetary damages. Because the statute of limitation had run with regard to any claims based on the lien, the district court concluded that Barraza did not have a meritorious defense against the quiet title action. The district court subsequently entered an order denying Barraza's motion to set aside the default judgment. Barraza appeals.

## II.

## STANDARD OF REVIEW

A default judgment may be set aside where it resulted from, inter alia, excusable neglect or mistake of fact. I.R.C.P. 60(b). A trial court's refusal to set aside a default judgment is reviewed under an abuse of discretion standard. *Idaho State Police, ex. rel. Russell v. Real Property Situated in County of Cassia*, 144 Idaho 60, 62, 156 P.3d 561, 563 (2007). On review of the trial court's application of law to the facts found on a motion to set aside a default judgment upon the grounds set forth in Rule 60(b)(1), the reviewing court will consider whether appropriate criteria were applied and whether the result is one that logically follows. *Tyler v. Keeney*, 128 Idaho 524, 526, 915 P.2d 1382, 1384 (Ct. App. 1996). Thus, if: (a) the trial court makes findings of fact which are not clearly erroneous; (b) the court applies to those facts the proper criteria under Rule 60(b)(1) (tempered by the policy favoring relief in doubtful cases); and (c) the trial court's decision follows logically from the application of such criteria to the facts found, then the trial court will be deemed to have acted within its sound discretion, and its decision will not be overturned on appeal. *Id.*

4

## III.

## ANALYSIS

### A.      Mistake of Fact or Excusable Neglect

Barraza asserts that the district court erred in ruling that he had not established that his failure to timely file an answer to the complaint was due to a mistake or excusable neglect. Cuevas asserts that Barraza did not present any admissible evidence establishing excusable neglect because Barraza relied entirely on the inadmissible hearsay statements contained in his counsel's affidavit. Cuevas also asserts that the inability to speak or read English is not a sufficient basis to establish mistake or excusable neglect under Rule 60(b)(1).

We first address Cuevas' assertion that Barraza presented no admissible evidence supporting his assertion of mistake or excusable neglect. Barraza presented only the inadmissible hearsay statements contained in an affidavit by Barraza's counsel as to Barraza's mistake. *See* I.R.E. 801, 802. Cuevas, however, did not object to the admissibility of the affidavit at the hearing on the motion to set aside default. When ruling on a motion for summary judgment, a trial court may consider an affidavit containing statements that fail to comply with the admissibility requirements of I.R.C.P. 56(e) in the absence of a timely objection and motion to strike.[3] *See State, Dept. of Agric. v. Curry Bean Co. Inc.*, 139 Idaho 789, 792, 86 P.3d 503, 506 (2004); *Tolmie Farms, Inc. v. J.R. Simplot Co., Inc.*, 124 Idaho 607, 610, 862 P.2d 299, 302 (1993); *Camp v. Jiminez*, 107 Idaho 878, 881, 693 P.2d 1080, 1083 (Ct. App. 1984). The same rule should apply to the failure to properly object to the admissibility of statements contained in an affidavit submitted to establish excusable neglect to set aside a default judgment. Although Cuevas asserted in the brief in opposition to the motion to set aside default that the affidavit was hearsay, he did not move to strike nor object to its consideration by the district court. Rather than object, counsel for Cuevas provided little argument in opposition to Barraza's theory of mistake or excusable neglect. Indeed, counsel stated "I think if the meritorious defense issue weren't here in front of us, I wouldn't be here. I would have stipulated to set aside the default because I understand how liberal that standard is in terms of mistake."

---

[3]      Pursuant to Rule 56(e), supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.

The district court expressly rejected Barraza's assertion that a language barrier could cause mistake or excusable neglect under Rule 60(b)(1) and, thus, considered the affidavit as evidence. Because the district court considered the affidavit as evidence at the hearing, we will also consider it in the absence of an adequate objection below.

Barraza asserts that the affidavit provided a sufficient factual basis for a mistake or excusable neglect under Rule 60(b)(1). The affidavit provided, in part:

> 4. Defendant believed that I was representing him after our discussions regarding the case, and therefore had the mistaken belief that he did not need to let me know that a lawsuit had been filed and a lady had given him papers as service of process.
> 5. Defendant speaks very little English, cannot read or write English, and thus did not understand the notice in the Summons requiring him to file a responsive pleading within twenty (20) days.

The record indicates that Barraza received service of the summons and complaint on April 15, 2007. Rule 12(a) required Barraza to file his responsive pleading within twenty days--by May 5, 2007. The district court entered default judgment on May 15, 2007, and the record indicates that Barraza filed his motion to set aside default, with a responsive pleading attached, on May 24, 2007. Thus, even if we assume that Barraza received service of the default judgment on the date it was entered, he filed his motion to set aside the default judgment within nine days.

Barraza asserts that the affidavit demonstrated mistake or excusable neglect due to his communication barrier, his poor knowledge of the legal system, his mistaken belief that counsel was representing him in this matter at the time he received the summons, and his diligence in moving to set aside the default judgment. A mistake sufficient to warrant setting aside a default judgment must be of fact and not of law. *Idaho State Police,* 144 Idaho at 62, 156 P.3d at 563. Neglect must be excusable and, to be of that calibre, must be conduct that might be expected of a reasonably prudent person under the same circumstances. *Id.* Reasonable diligence in the effort to set aside the default judgment is a requirement in demonstrating reasonably prudent conduct. *See Baldwin v. Baldwin*, 114 Idaho 525, 528, 757 P.2d 1244, 1247 (Ct. App. 1988); *Clark v. Atwood*, 112 Idaho 115, 117, 730 P.2d 1035, 1037 (Ct. App. 1986).

In several cases with lengthier delays than that caused by Barraza, Idaho appellate courts have held that relief should be granted from default judgment. *See, e.g., Johnson v. Oxborrow*, 141 Idaho 635, 639, 115 P.3d 726, 730 (2005); *Kovachy v. DeLeusomme*, 122 Idaho 973, 975,

6

842 P.2d 309, 311 (Ct. App. 1992); *Baldwin*, 114 Idaho at 527, 757 P.2d at 1246; *Johnson v. Pioneer Title Co. of Ada County*, 104 Idaho 727, 733, 662 P.2d 1171, 1177 (Ct. App. 1983). These cases demonstrate that in doubtful cases a standard of liberality rather than strictness must be applied. *See Idaho State Police,* 144 Idaho at 62, 156 P.3d at 563. The district court erred in not applying the standard of liberality to this case.

The district court also erred to the extent that it ruled a language barrier cannot be considered in evaluating mistake or excusable neglect. *See Straub v. Straub*, 80 Idaho 221, 225, 327 P.2d 358, 360 (1958). In *Straub*, the Supreme Court considered a party's inability to speak the English language as a factor in support of its holding that the district court erred in denying a motion to set aside a default judgment.[4] *Id.*

Furthermore, the district court does not appear to have considered Barraza's factual assertion that he believed that counsel was representing him in this matter at the time he received the summons, and diligence in moving to set aside the default judgment. Cuevas's attorney asserts that he mailed a copy of the complaint to counsel for Barraza prior to filing the complaint, but this assertion fails to establish that counsel for Barraza knew the date the complaint would be filed or that Barraza wished to employ counsel's services in contesting the complaint. The affidavit of counsel for Barraza indicates that Barraza had the *mistaken belief* that counsel was representing him based upon counsel's prior representation of him in this matter. Although the district court was correct that a mistake of law or a mistake regarding the legal system is not grounds for relief from default judgment, Barraza has established that he made a factual mistake regarding his relationship with his attorney.

The affidavit considered by the district court indicates that Barraza's delay was due to his misunderstanding of the English language and his mistaken belief that counsel was representing him. Barraza diligently moved to set aside the default judgment nine days after it was entered. Based on the record before us, we cannot say that Barraza was guilty of indifference or deliberate delay in failing to timely answer the complaint. The district court abused its discretion

---

[4]    *Straub* applied the default judgment standard contained in the repealed I.C. § 5-905. Similar to Rule 60(b)(1), that former section also allowed a trial court to set aside a default judgment for mistake, inadvertence, surprise, or excusable neglect. *See* 1921 Idaho Sess. Laws, ch. 235. The Idaho Supreme Court has also recently relied on its opinions interpreting the former I.C. § 5-905, for guidance in applying Rule 60(b)(1). *See Johnson*, 141 Idaho at 639, 115 P.3d at 730.

by applying the incorrect legal standards and failing to adequately consider Barraza's factual assertions. Applying the proper standards, the district court should have concluded that Barraza demonstrated mistake or excusable neglect.

**B.    Meritorious Defense**

When moving to set aside a default judgment, the moving party must not only meet the requirements of I.R.C.P. 60(b) but must also plead facts which, if established, would constitute a defense to the action. *Idaho State Police,* 144 Idaho at 62, 156 P.3d at 563. It would be an idle exercise for the court to set aside a default if there is in fact no real justiciable controversy. *Id.* The defense matters must be detailed. Once a default has been entered the pleading of a defensive matter must go beyond the mere notice requirements that would be sufficient if pled before default. *Id.* at 63, 156 P.3d at 564. Factual details must be pled with particularity. *Id.*

Barraza asserts that the district court erred in ruling that he failed to plead facts which, if proven to be true, would entitle him to an interest in the ranch. The district court found that "the lien says we're not claiming any ownership of that property any longer." The district court thus ruled that Barraza's claims regarding the prior written agreement did not establish a meritorious defense. The lien referred to in the district court's ruling was attached to Cuevas' complaint and appears to have been a form document for a mechanics lien.[5] Barraza apparently attempted to fill out the document such that it asserted a claim against the property for "the unpaid refund in the amount of $20,000 for the payments on real estate title." Cuevas' complaint alleged that, if the lien was a mechanics lien, the statute of limitation to file a foreclosure action on the lien had passed pursuant to I.C. § 45-510. The complaint further alleged that, if the lien was based upon a breach of contract action, the time to file such an action, pursuant to I.C. §§ 5-216, 5-217, had expired by the passage of five years since the time when Barraza was aware of such a claim. The complaint sought to have the lien released from the property, to have title quieted against all other claimants, and to have damages awarded for slander of title. The default judgment quieted title in Cuevas as against the claim asserted in the lien and stated that Barraza and Garza "shall have no further right, title or interest in and to the real property."

---

[5]    A mechanics lien is a "statutory lien that secures payment for labor or materials supplied in improving, repairing, or maintaining real or personal property." BLACK'S LAW DICTIONARY, 943 (8th ed. 2004). *See also* I.C. §§ 45-501 to 45-525.

To establish a meritorious defense, Barraza had to allege at least one claim demonstrating that he had an interest in the ranch such that title should not be quieted in Cuevas. In the responsive pleading, Barraza did not claim any interest under the lien nor even refer to it; rather, he alleged that Cuevas entered into a written contract to sell the ranch to Barraza for $80,000 on March 6, 2001, and that Barraza paid $22,635.76, as a down payment. Barraza claimed that Cuevas breached the written contract for sale of the ranch by filing the instant quiet title action. Pursuant to I.C. § 5-216, an action upon any contract, obligation or liability founded upon an instrument in writing must be filed within five years. A cause of action for breach of contract accrues upon breach for limitations purposes. *See Simons v. Simons*, 134 Idaho 824, 830, 11 P.3d 20, 26 (2000); *Skaggs v. Jensen*, 94 Idaho 179, 180, 484 P.2d 728, 729 (1971). The five-year statute of limitation for Barraza to bring this breach of contract claim began to run when Barraza became aware of the breach. The breach alleged in Barraza's answer occurred when Cuevas filed the instant quiet title action--April 2, 2007. Barraza filed his answer asserting the breach of contract claim less than two months later. If an enforceable contract can be proven, this claim would constitute a meritorious defense to the quiet title action because it would establish that Barraza has an ownership right in the ranch. If Barraza can prove his allegations that he contracted to buy the ranch, he would be entitled to specific performance on the contract. *See P.O. Ventures, Inc. v. Loucks Family Irrevocable Trust*, 144 Idaho 233, 238, 159 P.3d 870, 875 (2007).

The district court's finding that the lien disclaimed any right Barraza had in the property was clearly erroneous. Nothing in the language of the lien disclaimed any right to the property that may have existed at the time Barraza recorded the lien. By filing the lien, Barraza appears to have attempted to give notice of his interest in the property in the event that Cuevas failed to return Barraza's down payment upon sale of the land to a third party. Barraza did not assert below and does not assert now that the lien was ever enforceable. The expiration of the limitation period to bring an action attempting to enforce the lien under the mechanic's lien statutes, I.C. §§ 45-501 to 45-525, did not extinguish any property right created by a written contract for the sale of the ranch. Cuevas asserts that Barraza's actions of vacating the ranch and filing the lien establish that he knew Cuevas did not intend to sell Barraza the property and, therefore, the breach of contract claim accrued when he signed the lien--April 1, 2002. If Barraza's allegations are true, however, Barraza purchased the ranch pursuant to a written

9

contract and only filed the lien in order to protect his right to the money he had paid while he believed Cuevas was attempting to sell the ranch to a third party. Under that factual scenario, the breach did not occur until Cuevas filed the instant quiet title action.

Cuevas also argues that the documents attached to Barraza's answer, which purportedly constitute a contract for sale of the ranch to Barraza, demonstrate that the alleged contract does not satisfy the statute of frauds, I.C. § 9-505(4). However, Barraza alleged facts which could be sufficient to take the contract out of the statute of frauds by application of the doctrine of part performance or equitable estoppel. *See Chappin v. Linden*, 144 Idaho 393, 396-97, 162 P.3d 772, 775-76 (2007); *Frantz v. Parke*, 111 Idaho 1005, 1008-11, 729 P.2d 1068, 1071-74 (Ct. App. 1986).

Furthermore, Cuevas is incorrect that Barraza was required to prove the terms of the written contract. To establish a meritorious defense, a party moving to set aside a default judgment is not required to present evidence in order to have the default judgment set aside. *Idaho State Police,* 144 Idaho at 63, 156 P.3d at 564. The meritorious defense requirement is a pleading requirement, not a burden of proof. *Id.* Barraza was not required to submit the written contract into evidence or provide a translation of the portion of the contract written in Spanish. Barraza was required to plead a meritorious defense with particularity. *See id.* Barraza pled that there was a written contract for the sale of the land and indicated the date of the contract, the parties, the real property involved, and the amounts of the down payment and full sale price. Barraza asserted that Cuevas breached the contract by filing the instant quiet title action. Assuming these facts to be true, Barraza has established a meritorious defense because Cuevas breached the contract.

Although Barraza does not assert that the lien was valid or enforceable, he pled a meritorious breach of written contract claim sufficient to warrant setting aside the default judgment. We need not address the other allegations contained in Barraza's responsive pleading because we have concluded that Barraza asserted one meritorious defense to the quiet title action. After the default is set aside, Barraza's additional affirmative defenses and counterclaims will more properly be addressed by the district court in the first instance.

C.      **Attorney Fees**

Both parties request attorney fees on appeal pursuant to I.C. §§ 12-120, 12-121, and I.A.R. 41. Both parties, however, failed to provide argument in support of their requests for

attorney fees. A party must provide argument in support of a request for attorney fees on appeal. *See Weaver v. Searle Bros.*, 131 Idaho 610, 616, 962 P.2d 381, 387 (1998). *See also* I.A.R. 35(a)(6). We therefore decline to address both requests for attorney fees.

## IV.

## CONCLUSION

The district court abused its discretion in ruling that Barraza failed to demonstrate mistake or excusable neglect. The district court also abused its discretion in ruling that Barraza had not pled a meritorious defense to Cuevas' quiet title action. We therefore reverse the district court's order denying the motion to set aside, vacate the default judgment, and remand to the district court for further proceedings. Costs, but not attorney fees, are awarded to Barraza.

Chief Judge GUTIERREZ, **CONCURS.**

Judge LANSING, **DISSENTING**

Although I agree with the majority that Barraza has adequately alleged a meritorious defense, I would affirm the district court's holding that he failed to show that his default was the product of excusable neglect.

A motion to set aside a default judgment under this rule is committed to the sound discretion of the trial court, and we therefore will not disturb the trial court's order in the absence of an abuse of discretion. *Clear Springs Trout Co. v. Anthony*, 123 Idaho 141, 143, 845 P.2d 559, 561 (1992); *Tyler v. Keeney*, 128 Idaho 524, 526, 915 P.2d 1382, 1384 (Ct. App. 1996). Excusable neglect is "a factual question . . . which 'must be answered by examining what might be expected of a reasonably prudent person under similar circumstances.'" *State, Dep't of Law Enforcement v. One 1990 Geo Metro*, 126 Idaho 675, 680, 889 P.2d 109, 114 (Ct. App. 1995) (quoting *Herzinger v. Lockwood Corp.*, 109 Idaho 18, 19, 704 P.2d 350, 351 (Ct. App. 1985)). Thus, on appeal we examine the district court's determination as to whether the litigant "engaged in conduct which, although constituting neglect, was nevertheless excusable because a reasonably prudent person might have done the same thing under the circumstances." *Schraufnagel v. Quinowski*, 113 Idaho 753, 754, 747 P.2d 775, 776 (Ct. App. 1987).

Here, the only evidence purporting to explain Barraza's inaction after service of the complaint was presented through the affidavit of his attorney, which states:

> 2. That Defendant discussed this case with me, and paid me for my legal advice; however, at that time, no lawsuit was filed and therefore I could not file a Notice of Appearance on behalf of Defendant.

11

3.  A Complaint was later filed and Defendant was served with the Complaint, but did not tell me, thus, no Answer and Counterclaim was filed.

4.  Defendant believed that I was representing him after our discussions regarding the case, and therefore had the mistaken belief that he did not need to let me know that a lawsuit had been filed and a lady had given him papers as service of process.

5.  Defendant speaks very little English, cannot read or write English, and thus did not understand the notice in the Summons requiring him to file a responsive pleading within twenty (20) days.

From this affidavit we are informed that at some unidentified time prior to commencement of the action, Barraza talked to his lawyer about the dispute but did not contact the lawyer after Barraza was served with process. We are told he believed that he did not need to notify the lawyer about service of the complaint, but we are given no basis upon which he could have formed such a mistaken belief. We are also informed that because of a language barrier, he did not understand the notification in the summons requiring a responsive pleading within twenty days, and from that we can infer that he did not ask anyone to translate the document for him.

In my view, the district court was well within the bounds of its discretion in finding that these facts do not describe conduct "which would be expected of a reasonably prudent person under the same circumstances." I am not unsympathetic with the difficulties confronted by a non-English-speaking person who is thrust into the complexities of the American legal system, but a language barrier, standing alone, cannot justify ignoring service of process. Reasonable diligence in that circumstance would require that an individual at least obtain the services of an interpreter who could explain the content of the document. Although Barraza might have had a legitimate reason to expect that his attorney would protect his interests without notification from Barraza when process was served, the evidence presented in support of the motion to set aside the default judgment discloses no reason, much less a reasonable one, for such a belief. A recent decision of the Idaho Supreme Court indicates that if a defendant who was served with a complaint retains a lawyer to represent him in the action and the lawyer fails to do so, excusable neglect is shown, *Idaho State Police ex rel. Russell v. Real Property Situated in the County of Cassia*, 144 Idaho 60, 156 P.3d 561 (2007).[1] That is not what occurred here, however, for the evidence indicates Barraza did *not* ask the attorney to do anything after the complaint was filed.

---

[1]     This Idaho Supreme Court decision appears to implicitly overrule an Idaho Court of Appeals decision, *Rosales v. Balbas*, 125 Idaho 848, 851, 875 P.2d 945, 948 (Ct. App. 1994),

For these reasons, I would affirm the district court's denial of Barraza's motion to set aside the default judgment.

---

where we stated that "the neglect of an attorney is attributed to the client; unless the attorney's neglect is legally excusable, the client will not be excused."