788 P.2d 1333

**Richard BUBAK and Betty L. Bubak, husband and wife, Plaintiffs–Respondents,**

v.

**Bill EVANS and Juanita Evans, husband and wife, Defendants–Appellants.**

No. 17380.

Court of Appeals of Idaho.

Nov. 13, 1989.

Petition for Review Denied April 18, 1990.

Emil F. Pike, Jr., Twin Falls, for defendants-appellants.

J. Charles Hepworth of Hepworth, Nungester & Lezamiz, Boise and Twin Falls, for plaintiffs-respondents.

WESTON, Judge Pro Tem.

In this case, we affirm an award of damages for trespass and awards of attorney fees under the trespass statute, I.C. § 6–202. The action arose out of the Evanses' claim to a prescriptive easement on a road located on the Bubaks' property. In their complaint, the Bubaks requested damages for trespass and a permanent injunction against further trespass by the Evanses. After a three-day trial, a magistrate held against the Evanses in a decision filed on December 29, 1986. The magistrate entered judgment quieting the Bubaks' title and enjoining the Evanses from further trespass. The magistrate also awarded the Bubaks damages for the trespass, attorney fees and costs. The trespass damages were trebled pursuant to I.C. § 6–202.

On January 8, 1987, the Bubaks submitted a proposed judgment and filed a memorandum of costs and attorney fees with supporting affidavits. The magistrate signed and filed the judgment but the amount of attorney fees and costs was left blank. The Evanses' attorney, Eugene Fredericksen, filed an objection to the memorandum and noticed his objection for hearing on January 28, 1987.

In the meantime, the Evanses attempted to obtain other counsel to represent them. On January 15, 1987, the Evanses spoke with attorney Lloyd Webb, who declined to represent them. On the same day, the Evanses spoke with attorney Lloyd Walker who agreed to evaluate their case. Walker did not agree to represent the Evanses for purposes of an appeal, but did agree to file a motion to set aside the judgment and for a new trial. On January 19, Walker filed a motion to set aside the judgment and for new trial, but did not request oral argument of the motion. Walker had neither substituted himself for the Evanses' attorney of record nor associated with the attorney of record when his motion was filed. On January 28, the Evanses' attorney of record, Fredericksen, appeared and argued his objections to the attorney fees and costs.

On February 3, a substitution of counsel was filed making Walker the Evanses' attorney of record. On that same day, the magistrate mailed out his decision on the attorney fees and costs award. Also on February 3, the magistrate entered an order denying Walker's motion because no briefs were filed in support of the motion and because the magistrate deemed the motion to be without merit. Both the decision on attorney fees and costs and the decision on the motion to set aside judgment and for a new trial were mailed to Fredericksen, but only the latter decision was mailed to Walker.

On February 6, an amended judgment was mailed to Fredericksen. The amended judgment was identical to the original judgment except the amount of the attorney fees and costs was inserted in the judg-ment pursuant to the decision of February 3.

On May 20, the Evanses' present attorney appealed the magistrate's decision to the district court and filed an I.R.C.P. 60(b)(1) and (6) motion in the magistrate division. The magistrate denied the motion. The Evanses also appealed this ruling to the district court.

On motion, the district court dismissed the Evanses' appeal as to all issues except attorney fees. The district court deemed the appeal timely only as to the question of attorney fees awarded in the amended judgment. The district court entertained that segment of the appeal on its merits. Subsequently, the district court affirmed the magistrate's denial of the Rule 60(b)(1) and (6) motion and the award of attorney fees. The district court also awarded attorney fees to the Bubaks on appeal. From these decisions, the Evanses have appealed.

The Evanses argue that: the magistrate erred in denying their Rule 60(b) motion; the magistrate erred in failing to find an easement in favor of the Evanses; the magistrate erred in awarding attorney fees, in awarding the amount thereof and, in failing to apportion said fees between the parties' claims; the district court erred in affirming the magistrate's denial of the Evanses' Rule 60(b) motion; and the district court also erred in awarding attorney fees to the Bubaks, in awarding the amount thereof, and in failing to apportion said fees between the parties' claims. For the reasons explained below, we affirm the district court's decision upholding the magistrate's orders. We also affirm the district court's award of attorney fees to the Bubaks. Due to our holdings, we find it unnecessary to address the Evanses' other arguments.

## I. Rule 60(b) Motion

We first address the Evanses' contention that the district court erred in affirming the magistrate's order denying their I.R.C.P. 60(b)(1) and (6) motion. The Evanses argue the magistrate should have granted them relief from the judgment because of the existence of either excusable neglect or

because there was gross conduct on the part of their attorney that would mandate relief.

■ We first consider the appellate standard of review of a denial of an I.R. C.P. 60(b) motion. Where discretionary grounds such as excusable neglect are invoked for relief from a judgment, a trial court's decision is not subject to reversal on appeal absent an abuse of discretion. *Schraufnagel v. Quinowski,* 113 Idaho 753, 747 P.2d 775 (Ct.App.1987); *Knight Insurance, Inc. v. Knight,* 109 Idaho 56, 704 P.2d 960 (Ct.App.1985) (review denied). A motion for relief from a judgment invokes the fact-finding and law-applying functions of the trial court. It requires the trial court to determine the facts concerning the circumstances of the case and to apply the criteria of I.R.C.P. 60(b) to the facts. Where the trial court makes findings of fact which are not clearly erroneous; the court applies the proper criteria under I.R.C.P. 60(b); and the court's legal conclusions follow logically from the application of such to the facts found, then the court will be deemed to have acted within its sound discretion. *Bull v. Leake,* 109 Idaho 1044, 712 P.2d 745 (Ct.App.1986). Thus, our first task is to determine whether the trial court made findings or provided its rationale for its decision.

In regard to the Evanses' claim of excusable neglect, it affirmatively appears from the record that the Evanses were informed of the entry of the original judgment and the need to appeal that judgment within forty-two days. Beyond that, almost all factual claims by the Evanses are in dispute. Moreover, there are factual inconsistencies and contradictions in the Evanses' three affidavits. Whether Walker ever agreed to file an appeal after evaluating the case is a fact which is in dispute.

■ The test for determining if excusable neglect has occurred is whether the litigant engaged in conduct which, although constituting neglect, was nevertheless excusable because a reasonably prudent person might have done the same thing under the circumstances. *Schraufnagel,* 113 Idaho at 754, 747 P.2d at 776.

Although the record is replete with disputed facts, there are undisputed facts in the record which provide substantial and competent evidence for the trial court's decision. Finally, we would observe that the Evanses may not use a Rule 60(b) motion as a substitute for a timely appeal. *See First Bank & Trust of Idaho v. Parker Brothers, Inc.,* 112 Idaho 30, 730 P.2d 950 (1986).

Based upon the record, we hold the district court did not err in affirming the magistrate's order denying the Evanses' I.R.C.P. 60(b)(1) and (6) motion.

## II. Attorney Fees

■ We next turn to the Evanses' claim that both lower courts erred in awarding attorney fees to the Bubaks. The Evanses argue that no attorney fees should have been awarded because neither party was the prevailing party or, in the alternative, the Evanses should have been the prevailing party. The Evanses also argue that no award should have been made pursuant to I.C. § 12–121 because a misinterpretation of the law or of one's interest under the law is not, by itself, unreasonable conduct. Finally, the Evanses argue that the award should have been apportioned between the parties' theories of recovery.

We will not overturn a trial court's award of attorney fees absent an abuse of discretion. *J.M.F. Trucking, Inc. v. Carburetor & Electric of Lewiston, Inc.,* 113 Idaho 797, 748 P.2d 381 (1987); *Camp v. Jiminez,* 107 Idaho 878, 693 P.2d 1080 (Ct. App.1984). However, in a trespass action, such as in this case, I.C. § 6–202 mandates that a reasonable attorney fee be awarded to the prevailing "plaintiff."

In awarding attorney fees to the Bubaks, the magistrate based the award on both I.C. §§ 6–202 and 12–121, finding that the action was defended "unreasonably and without foundation." In their challenge to this determination, the Evanses first argue that an award of attorney fees under I.C. § 6–202 was improper because the lawsuit was not solely a trespass action but also included a quiet title action. Based upon

the record, we find that this argument is not persuasive. Because we hold that the magistrate's award of fees to the Bubaks was proper under § 6–202, we need not address the Evanses' second argument that an attorney fee award under I.C. § 12–121 was improper.

The Evanses contend that the district court—as an appellate court in this instance—also erred in awarding fees on appeal to the Bubaks. Although I.C. § 6–202 does not expressly provide for such awards on appeal, neither does it restrict an award. *See Nalen v. Jenkins,* 113 Idaho 79, 741 P.2d 366 (Ct.App.1987). We agree with the district court that, as the prevailing plaintiff, the Bubaks were entitled to an award of fees on appeal under I.C. § 6–202.

The Evanses also argue that the two lower courts should have reduced the amount of the awards because the Bubaks had advanced multiple theories of recovery. We hold that attorney fees should not be apportioned based upon prevailing theories of recovery, but rather should be awarded based upon application of appropriate standards and factors. *See Nalen v. Jenkins, supra.* As noted, I.C. § 6–202 mandates the award of a reasonable attorney fee to a plaintiff who prevails in an action brought under the statute. The amount of the award is to be determined through consideration of the factors articulated in I.R.C.P. 54(e)(3). Here, we conclude that the magistrate committed no error and did not abuse his discretion in awarding the Bubaks the full amount of their attorney fees.

Accordingly, we affirm the orders of the district court. Costs to respondents, together with attorney fees on appeal under I.C. § 6–202, to be determined pursuant to I.A.R. 40 and 41.

WALTERS, C.J., and SWANSTROM, J., concur.