IN THE COURT OF APPEALS OF THE STATE OF IDAHO

**Docket No. 48770**

| | |
|---|---|
| ROBERT GONZALEZ, | ) |
| | ) Filed: September 16, 2022 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| TAMMY HEATH aka TAMMY D. | ) OPINION AND SHALL NOT |
| COTERILL, in her individual capacity | ) BE CITED AS AUTHORITY |
| as to any separate property interest, | ) |
| | ) |
| Defendant-Appellant, | ) |
| | ) |
| and | ) |
| | ) |
| JEREMY OWENS, in his individual | ) |
| capacity, | ) |
| | ) |
| Defendant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Bonner County. Hon. Richard S. Christensen, District Judge.

Judgment of the district court, affirmed.

James, Vernon & Weeks, P.A.; Susan P. Weeks, Coeur d'Alene, for appellant. Susan P. Weeks argued.

Sandpoint Law, P.C.; Alison M. Dunbar, Sandpoint, for respondent. Alison M. Dunbar argued.

_____

GRATTON, Judge

Tammy Heath appeals from the district court's award of attorney fees to Robert Gonzalez under Idaho Code § 6-202 (2016)[1] for Gonzalez's successful statutory trespass claim. Heath

_____

[1] After Gonzalez filed his complaint in 2016 but before entry of judgment below, I.C. § 6-202 was amended. 2018 Idaho Laws Ch. 350 (H.B. 658). Neither party argues that the district court erred by applying the version of I.C. § 6-202 in force when Gonzalez filed his complaint.

argues the district court erred by, in effect, awarding attorney fees to Gonzalez for defending against Heath's unsuccessful quiet title claim. However, proof of ownership of the subject property is an element of both a trespass claim and a quiet title claim. Thus, proof of ownership necessary to establish Gonzalez's trespass claim, incidentally disproved Heath's claim for quiet title. Accordingly, the district court correctly awarded Gonzalez all attorney fees necessary to prove his trespass claim even though certain of those fees may have also secondarily bore on the quiet title claim. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Robert Gonzalez purchased real property in July 2016, knowing that Tammy Heath had two express easements on the property. In the fall of 2016, Heath hired a local logger to cut in a roadway on the easements. After Gonzalez discovered the roadway, he notified Heath it did not fit within the description of the easements and requested a response to further discuss the situation. Heath never responded. Gonzalez then sent a cease and desist letter to Heath stating she had trespassed and directing her to stop using the roadway.

Eventually, Gonzalez filed a complaint against Heath asserting claims for trespass and ejectment, timber trespass, and injunctive relief. Heath answered and asserted counterclaims for quiet title, declaratory judgment, deed reformation, an equitable servitude allowing her to construct the roadway as she did, and certain equitable defenses. After cross-motions for summary judgment, the district court dismissed Heath's claim for an equitable servitude and her equitable defenses. Pursuant to stipulation by the parties, trial on the remaining claims was bifurcated.

The first trial involved Heath's counterclaims for quiet title, declaratory judgment, deed reformation, and Gonzalez's request for injunctive relief. The district court found that Heath had failed to build the north-south roadway within the first express easement (Easement One). However, the district court found Heath's east-west roadway was within the second express easement (Easement Two).

Because the district court determined Heath's roadway was not within the boundaries of Easement One, the second trial proceeded on Gonzalez's claim for trespass. After trial, the district court found Heath liable for both statutory trespass and timber trespass under I.C. § 6-202. Additionally, the district court held "Gonzalez, having prevailed on the statutory trespass claims, is awarded reasonable attorney fees to be taxed as costs pursuant to § I.C. 6-202."

2

Gonzalez filed a motion and declaration of costs and fees seeking a total of $100,925.50. Heath filed a responsive motion to disallow costs and fees arguing that, pursuant to I.C. § 6-202 and *Akers v. D.L. White Construction, Inc.*, 156 Idaho 27, 320 P.3d 418 (2018), the fees needed to be apportioned to strictly apply only to the trespass claim. Gonzalez objected, arguing he had already apportioned his fees and explained the element of ownership was at issue for both the quiet title as well as the trespass claims. The district court held a hearing and subsequently issued its memorandum decision and order regarding costs and fees. The district court recognized attorney fees must be reasonable under Idaho Rule of Civil Procedure 54, were due to Gonzalez under I.C. § 6-202, but must be apportioned pursuant to *Akers*. As a result, the district court expressly disallowed attorney fees for the following:

- Any fees incurred in prosecuting any claim against the previous co-defendant, Jeremy Owens.
- Any fees incurred relative to Easement Two (east-west easement), whether they were incurred regarding quiet title or trespass.
- Any fees incurred that were specific to obtaining injunctive relief.
- Any fees incurred in defending against any counterclaims set forth by Heath.
- Any fees relative to the proffered, but not proven damages, relative to the trespass claim. Particularly as to the preparation and examination of expert witness testimony regarding damages.

Nonetheless, the district court found that "fees related to the determination of Easement One (north-south easement) are appropriate. As stated, *supra*, without proving where Easement One lay on the ground, the trespass claim could not go forward."

Following the district court's order, Gonzalez filed a second memorandum requesting fees as costs following the district court's directions. Gonzalez asked for an award of $87,661.60 (a $13,263.90 deduction from his prior request). Gonzalez excluded all fee requests specific to Easement Two and "removed 20% of all fee entries that were ambiguous or may have been combined with tasks related to Easement One." Gonzalez also removed "all fees related to defending Ms. Heath's counterclaims."

Heath objected, arguing: "Gonzalez in his second memorandum has apportioned fees. However, there remains fees claimed in the amount of $9,638.68 to which Heath objects." Heath listed her objections by date and proffered apportionment recommendations.

After review of Gonzalez's second memorandum and Heath's supplemental response, the district court found:

[T]he objections and allocations as set forth in Defendant Tammy Heath's Supplemental Motion to Disallow Costs and Attorney Fees are reasonable in light of the I.R.C.P. 54(e)(3) factors and *Akers v. Mortensen*, 156 Idaho 27, 36, 320 P.3d 418, 427 (2014); *see also Fischer v. Croston*, 163 Idaho 331, 341, 413 P.3d 731, 741 (2018). Plaintiff's latest requested attorney fees in the sum of $87,661.60 is thus reduced in the amount of $9,638.68.

Therefore, the Court awards Plaintiff attorney fees as costs in the amount of $78,022.92.

Heath timely appeals.

## II.

## STANDARD OF REVIEW

The calculation of reasonable attorney fees is within the discretion of the trial court." *Parsons v. Mut. of Enumclaw Ins. Co.*, 143 Idaho 743, 747, 152 P.3d 614, 618 (2007). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018). Further, the party opposing the award bears the burden of demonstrating that the district court abused its discretion. *Eastern Idaho Agric. Credit Ass'n v. Neibaur*, 133 Idaho 402, 412, 987 P.2d 314, 324 (1999).

## III.

## ANALYSIS

Heath specifically challenges the district court's order under the third prong of the abuse of discretion standard, arguing the district court did not act consistently with the legal standard established in *Akers*. Gonzalez responds that the district court's award of attorney fees was proper and requests attorney fees on appeal under I.C. § 6-202.

Trial courts may award attorney fees only as provided by statute or contract. I.R.C.P. 54(e)(1); *Akers v. Mortensen*, 156 Idaho 27, 36, 320 P.3d 418, 427 (2014) (*Akers III*). Under the version of I.C. § 6-202 in effect when Gonzalez filed his complaint, a plaintiff who prevailed "in any civil action brought to enforce the terms" of the act was entitled to "treble the amount of damages . . . plus a reasonable attorney fee" from a defendant who willfully and intentionally trespassed on properly posted real property. The Idaho Supreme Court has held that a plain reading of I.C. § 6-202 authorizes an award of only those attorney fees "reasonably incurred in prosecuting

4

the trespass upon which" the plaintiff prevailed. *Id.* Accordingly, an award of attorney fees under I.C. § 6-202 must be apportioned to those fees authorized by the statute. *Id.*

As noted, Heath contends the district court's attorney fee award is not consistent with *Akers*. *Akers* is a series of cases decided by the Idaho Supreme Court that arose out of an easement and trespass dispute. *Akers v. D.L. White Const., Inc. (Akers I)*, 142 Idaho 293, 297, 127 P.3d 196, 200 (2005). The Akers owned real property and the neighbors had an easement on that property for an access road. *Id.* The Akers changed the access road and there was a dispute about ownership of a section of land within the Akers' property. *Id.* at 298, 127 P.3d at 201. A series of confrontations occurred between the Akers and the neighbors, which prompted the Akers to file a suit for trespass, quiet title, and negligence. *Id.* The district court found in favor of the Akers and the neighbors appealed. *Id.* The Idaho Supreme Court remanded the case for additional factual findings as to the easement. *Id.* at 305, 127 P.3d at 208. In its analysis, the Supreme Court declined to evaluate trespass or damages, and reversed the district court's award of attorney fees under I.C. § 6-202 because, "[t]he question of whether and to what degree the Appellants' conduct constituted trespass on the Akers' property is intertwined with the question of the scope and boundaries of the Appellants' easement." *Akers I*, 142 Idaho 293, 304, 127 P.3d 196, 207 (2005).

In *Akers v. Mortensen (Akers II)*, 147 Idaho 39, 42, 205 P.3d 1175, 1178 (2009), the Supreme Court again remanded the case to determine the location of the easement and again held:

> [T]he question of whether and to what degree Appellants' conduct constituted trespass on the Akers' property is intertwined with the question of the scope and boundaries of Appellants' easement rights. *Akers I*, 142 Idaho at 304, 127 P.3d at 207. Because the district court must determine the location of Appellants' prescriptive easement in Parcel B on remand, we vacate the district court's award of damages below based upon trespass.

*Akers II*, 147 Idaho at 48, 205 P.3d at 1184.

In *Akers III*, the Idaho Supreme Court affirmed the location of the easement, once more pointing to the interplay between quiet title and trespass, and concluding that "[b]ecause Appellants' easement rights are now clearly established and it is clear that Appellants willfully and intentionally trespassed on the Akers' property," the district court properly awarded damages. *Akers v. D.L. White Const., Inc. (Akers III)*, 156 Idaho 37, 51, 320 P.3d 428, 442 (2014). However, the Court remanded the case again for apportionment of attorney fees under I.C. § 6-202. *Id.* at 55, 320 P.3d at 446.

A trial court is authorized to award attorney fees only as provided by statute or contract. I.R.C.P. 54(e)(1). Under I.C. § 6-202, where a defendant willfully and intentionally trespasses on properly posted real property, that defendant is liable to the property owner "for treble the amount of damages . . . plus a reasonable attorney's fee which shall be taxed as costs, in any civil action brought to enforce the terms of this act if the plaintiff prevails." The plain language of I.C. § 6-202 "mandates the award of a reasonable attorney fee to a plaintiff who prevails in an action brought under the statute." *Bubak v. Evans*, 117 Idaho 510, 513, 788 P.2d 1333, 1336 (Ct. App. 1989). Therefore, under I.C. § 6-202 a prevailing plaintiff may only be awarded attorney fees "reasonably incurred in prosecuting the trespass action upon which he prevailed." [*Bumgarner v. Bumgarner*, 124 Idaho 629, 644, 862 P.2d 321, 336 (1993).]

Because I.C. § 6-202 only provides an award of attorney fees for those fees incurred in prosecuting the trespass under the statute, the district court erred in failing to apportion its award of attorney fees to the Akers. Accordingly, we vacate the district court's award of attorney fees and remand the issue back to the district court for apportionment.

*Akers III*, 156 Idaho at 54, 320 P.3d at 445.

Heath argues the district court failed to apportion fees between Gonzalez's trespass claim and Heath's quiet title claim. Heath does not challenge any specific amount, percentage allocation, or fee description; rather, she challenges the general concept that the district court did not properly separate the trespass claim from the quiet title when it stated, "fees related to the determination of Easement One (north-south easement) are appropriate. As stated, *supra*, without proving where Easement One lay on the ground, the trespass claim could not go forward."

The *Akers* line of cases clearly require attorney fees to be awarded for a successful trespass claim. Heath is correct that the *Akers* cases also require that attorney fees for a trespass claim must be apportioned from fees for any other claim, including quiet title. Heath, however, misconstrues the *Akers* cases by essentially arguing that if attorney fees necessary to prove an element of trespass also operate to disprove an element of a quiet title they are not awardable for the trespass claim. Heath advances this argument more or less as a matter of law, rather than articulating a formula required for proper apportionment. However, as noted, the *Akers* cases require that all fees associated with the trespass claim be awarded and expressly recognize that proof of ownership is intertwined with proof of conduct constituting the trespass.

6

Consequently, we conclude it was reasonable for the district court to acknowledge the interplay between quieting title to Easement One and Gonzalez's Easement One trespass claim.[2] As both Gonzalez and the district court recognized, it was necessary to determine the scope of Easement One before Gonzalez could prove the trespass he alleged--especially when Heath counterclaimed for quiet title and placed ownership at issue. As noted, in all three *Akers*[3] opinions, the Idaho Supreme Court repeatedly noted that the finding of a trespass was both "intertwined" and even "inseparable" from determining the scope and boundary of the easement. *Akers I*, 142 Idaho at 304, 127 P.3d at 207; *Akers II*, 147 Idaho at 48, 205 P.3d at 1184; *Akers III*, 156 Idaho at 51, 320 P.3d at 442. Even without a counterclaim for quiet title, Gonzalez still had the burden to prove ownership of the property and the extent of the easement to show trespass.[4] By proving his claim of trespass, Gonzalez incidentally disproved Heath's claim for quiet title. The juxtaposition of the claims does not require further apportionment because it is not attorney fees on the quiet title (which were expressly denied by the district court) but solely fees on the trespass claim under

---

[2]      In her reply brief, Heath attempts to suggest that Gonzalez's claim for ejectment should be construed as a quiet title claim. This Court will not consider arguments raised for the first time in the appellant's reply brief. *Myers v. Workmen's Auto Ins. Co.*, 140 Idaho 495, 508, 95 P.3d 977, 990 (2004). A reviewing court looks only to the initial brief on appeal for the issues presented because those are the arguments and authority to which the respondent has an opportunity to respond in the respondent's brief. *Suitts v. Nix*, 141 Idaho 706, 708, 117 P.3d 120, 122 (2005). Since Heath failed to raise this argument in her opening brief, we will not address the issue further.

[3]      There is a fourth *Akers*: *Akers v. Mortensen*, 160 Idaho 286, 371 P.3d 340, (2016), which is not pertinent to our analysis.

[4]      The statute provides:

> Any person who, without permission of **the owner**, or the owner's agent, willfully and intentionally enters upon **the real property of another person** which property is posted with "No Trespassing" signs or other notices of like meaning, spaced at intervals of not less than one (1) notice per six hundred sixty (660) feet along such real property; or who willfully and intentionally cuts down or carries off any wood or underwood, tree or timber, or girdles, or otherwise willfully and intentionally injures any tree or timber **on the land of another person**, or on the street or highway in front of any person's house, village, or city lot, or cultivated grounds; or on the commons or public grounds of or in any city or town, or on the street or highway in front thereof, without lawful authority, is liable to **the owner of such land**.

I.C. § 6-202 (2015) (emphasis added) (2015 statute applicable to this case, I.C. § 6-202 amended July 1, 2018).

I.C. § 6-202. As a result, the district court did not err in its determination of attorney fees under I.C. § 6-202 for Gonzalez's trespass claim.

Because Gonzalez is the prevailing party in this appeal, he requests attorney fees under I.C. § 6-202, which provides attorney fees at both the trial and appellate level under *Weitz v. Green*, 148 Idaho 851, 868, 230 P.3d 743, 760 (2010). Heath did not challenge Gonzalez's request for attorney fees on appeal. Gonzalez is the prevailing party and, thus, we award attorney fees on appeal to Gonzalez pursuant to I.C. § 6-202.

## IV.
## CONCLUSION

The district court did not err when it apportioned attorney fees to Gonzalez pursuant to I.C. § 6-202. Accordingly, we affirm the judgment and order of the district court. We award costs and attorney fees on appeal to Gonzalez.

Chief Judge LORELLO and Judge BRAILSFORD **CONCUR**.